## SCHWARTZ v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted December 10, 1925. Decided January 4, 1926. Motion for Reargument Denied January 23, 1926.)

### No. 4368.

1. **Criminal law** ⊚⟹1030(1), 1048, 1129(1)—**Appellate Court may correct error vitally affecting issue, without objection, exception, or assignment.**

In criminal case, if error vitally affecting issue clearly appears, appellate court may correct it, without objection, exception, or assignment.

2. **Criminal law** ⊚⟹1036(1)—**Witnesses** ⊚⟹392(1)—**Cross-examination concerning letters apparently written by defendant held proper, or not error calling for correction without objection.**

Cross-examination of one defendant concerning letters apparently written by him *held* proper, and, if erroneous, not such vital error as court could correct without objection or exception at time of trial, being largely discretionary.

3. **Criminal law** ⊚⟹442—**Permitting defendant to be questioned concerning particular woman as foundation for introduction of letter to her held not error.**

Permitting defendant to be questioned concerning a particular woman as foundation for introduction of letter apparently written by him to her *held* not error.

4. **Criminal law** ⊚⟹442—**Admission of letters held justified by evidence identifying defendant as writer.**

Defendant's testimony on cross-examination *held* to sufficiently identify him as writer of letters inconsistent with his testimony in chief, to render them admissible.

Appeal from Supreme Court of District of Columbia.

Sidney A. Schwartz was convicted of robbery, and he appeals. Affirmed.

S. H. Giesy and T. M. Wampler, both of Washington, D. C., for appellant.

Peyton Gordon and J. J. O'Leary, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice: Appellant was convicted in the Supreme Court of the District of Columbia under an indictment charging him, Charles A. McDonald, and Theodore W. Merritt with robbery, and sentenced to imprisonment for six years. McDonald and Merritt entered pleas of guilty.

The evidence for the government was substantially as follows: Schwartz, a member of the bar and residing in the city of Washington, became acquainted with his codefendants, and after various conferences suggested that they rob a Mr. Work, who was supposed to carry considerable money on his person, and thereby obtain sufficient funds to enable them "to go after this bank messenger of the Departmental Savings Bank." This suggestion finding favor, Schwartz purchased a pistol, for which he gave a check. The man who sold the pistol subsequently identified Schwartz as the purchaser. This pistol Schwartz gave to McDonald, and on the night of the robbery the three men and Jerry Man proceeded to the scene of the robbery in Schwartz's automobile. Mr. Work was held up and robbed of $180 in money. The robbers then proceeded to Schwartz's garage, where the money was divided among three of them. Mann was refused any share in the spoils, because he was asleep at the time of the robbery.

Both McDonald and Merritt testified for the government. Detectives testified that, when first arrested, Schwartz denied knowing either of the codefendants. Finally, however, he admitted that he knew Merritt as Squirrel. There was other evidence to the effect that Merritt was known by that name. Later, under cross-examination, Schwartz himself admitted "that he knew Merritt both as Squirrel and Merritt."

The defense was an alibi; Schwartz and his witnesses testifying that his automobile was undergoing repair at a public garage on the night in question. The defendant further testified that, prior to the robbery, he had been retained by Merritt as Merritt's attorney and had permitted him to sleep in his (Schwartz's) garage; that he had never met the defendant McDonald until after their arrest, and had nothing to do with the purchase of the pistol. He further testified that on the night of the robbery he was at home. Thereupon, on cross-examination, he was asked to identify certain letters and envelopes, and his answers to questions concerning them were equivocal. One answer was: "Well, I could not affirm that I wrote it. I do not recall it, that is all." Asked whether he wrote letters to Merritt at the District Jail, he admitted that he had; that he had written "notes to him." He then was asked, "Would you deny that that is your handwriting on the top"? and his reply was, "No, I couldn't deny that either." The following then occurred:

"Q. Did you write any letters to Merritt at the District Jail on such matters as are

contained in this letter? A. Not that I recall.

"Q. Would you deny that you wrote a letter to him containing such matters as this? A. Well, I may have. I might have."

Later Schwartz was handed an envelope, and asked whether he had seen it before, and he answered, "I suppose so." Thereupon he was asked whether he had put the writing and the typewriting on the envelope, and his response was: "I don't know. I don't know whether I did or not. I may have." Schwartz then was shown a letter (addressed to a Mrs. America) and asked, "Did you ever see that letter before?" After he had answered, "Why, I don't remember this, Mr. Fihelly; all the facts stated in there are not in accord with the facts," the following occurred:

"Q. Did you write it? A. I don't know whether I did or not, but I have talked with the woman since—

"Q. You may have written the letter? A. I may have written the letter, but she repudiates that."

In response to further questions, Schwartz admitted that he knew a woman by the name of Mrs. America. Thereupon he was asked, "and you have talked with her concerning your case?" His reply was, "I have." Thereupon objection was interposed to the last question, on the ground that it was not proper cross-examination. This objection was overruled, and exception noted.

In rebuttal, there was other evidence tending to connect Schwartz with the letters concerning which he was cross-examined, and the letters and envelopes then were introduced in evidence, over the objection and exception of the defendant. Two of these letters were addressed to "My Dear Squirrel." One purported to be signed by Schwartz, and the other by "S." The general tenor of these two letters is inconsistent with and contradictory of Schwartz's testimony in chief, and the tenor of the Mrs. America letter is even more so.

[1, 2] No objection was noted to the cross-examination of the defendant concerning these exhibits, but it now is urged that the court, in the exercise of its discretion, should consider the question. Where, in a criminal case, error vitally affecting the issue clearly appears, the appellate court may correct it without objection, exception or assignment. Miller v. U. S., 38 App. D. C. 364; Freed v. U. S., 266 F. 1012, 49 App. D. C. 392; Crawford v. U. S., 212 U. S. 194, 29 S. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Holmgren v. U. S., 217 U. S. 509, 30 S. Ct. 588,

54 L. Ed. 861, 19 Ann. Cas. 778. In this case, not only was the defendant himself a lawyer and represented by other counsel, but, had timely objection been made, the question would have been largely within the discretion of the trial judge. This, therefore, is not a case where an appellate court should consider a question not raised below. Moreover, in view of the general scope of the testimony of the defendant in direct examination, this cross-examination was proper. Powers v. U. S., 223 U. S. 303, 32 S. Ct. 281, 56 L. Ed. 448.

[3, 4] It was not error to allow the prosecution to lay the foundation for the introduction of the Mrs. America letter by asking the defendant about her, nor did the court err in admitting the letters to which reference has been made. There was sufficient evidence before the jury, as already noted, to identify the defendant with those letters, and their contents justified their admission.

In the court's charge to the jury the rights of the defendant were carefully safeguarded, and the charge apparently was satisfactory to him, as no exception was noted. We have carefully considered, but found without merit, the various questions raised by the defendant in the separate brief filed by him.

The judgment is affirmed, with costs.

Affirmed.