(No. 20234.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NATHAN VEHON, Plaintiff in Error.

*Opinion filed October 25, 1930.*

Benjamin C. Bachrach, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and James B. Searcy, (Edward E. Wilson, and John Holman, of counsel,) for the People.

Mr. Justice Orr delivered the opinion of the court:

On January 15, 1930, the grand jury of the criminal court of Cook county returned an indictment in two counts against plaintiff in error, Nathan Vehon, (hereinafter called defendant,) Harlan W. Brown and William Miller. The first count of the indictment charged a violation of section 56 of the Criminal Code (Cahill's Stat. 1929,) by bombing a building "then and there in use and designed for human occupancy." The second count charged "malicious mischief" as defined by section 418 of the Criminal Code. (Ibid.) The Criminal Code provides as punishment for the offense set forth in the first count imprisonment from one to twenty years, and for violation of the second count from one to ten years in the penitentiary. On January 20, 1930, the trial court, upon motion of the State's attorney, ordered a separate trial as to the defendant. The trial began February 4, 1930, and lasted one day. At the close of all the evidence in the case defendant moved that the prosecution be required to elect which of the two counts in the indictment should be submitted to the jury, which motion was overruled by the court and an exception saved. The jury returned a general verdict finding defendant "guilty in manner and form as charged in the indictment," without specifying which count. The trial court successively overruled defendant's motions for a new trial and in arrest of judgment, to which rulings exceptions were saved. Upon

this verdict the court entered judgment against defendant and sentenced him to be imprisoned in the penitentiary from one to twenty years under the *first* count of the indictment. He has sued out this writ of error to review that judgment.

It is urged by counsel for the defendant that the general verdict finding Vehon "guilty in manner and form as charged in the indictment" is void because there were two counts in the indictment, each carrying a different penalty. It is claimed that such a verdict is void and could not support any sentence because the trial court could not know for which of the two offenses defendant should be sentenced—whether from one to twenty years under the first count, charging bombing of a building used for human occupancy, or from one to ten years under the second count, charging malicious mischief. The trial court entered a judgment sentencing defendant to the penitentiary from one to twenty years under the first count. Under the doctrine recently laid down by this court in *People* v. *Schuster,* 339 Ill. 73, this was reversible error, since the indictment charged two separate crimes not carrying the same grades of punishment. The trial court had no means of knowing upon which count the jury had acted. One carried a maximum sentence of ten years and the other a maximum sentence of twenty years in the penitentiary. Certainly no trial judge should be allowed to guess in such a case, involving ten years' difference in punishment, and this error is apparent on the face of the record.

It is seriously argued that no remanding order be entered here for the reason that the evidence was insufficient to sustain the verdict, the conviction of Vehon being allegedly obtained on the uncorroborated testimony of Harlan W. Brown, himself a confessed perjurer, accomplice and thief, who stood convicted but not sentenced in a former trial under the same indictment. An examination of the complete record is therefore essential.

Defendant was the principal stockholder of Nathan Vehon & Co., which has been engaged in manufacturing ladies' rayon silk underwear in Chicago since 1922. Several years prior to the trial Phillip Bloom married a sister of Vehon's wife. Shortly after this marriage in 1924 Bloom came into the business of Nathan Vehon & Co. as a small stockholder in the corporation, first in charge of certain work in the factory and later as a salesman. In November, 1928, Bloom left the business of Nathan Vehon & Co. and was not working there when the bombing occurred, several weeks later. On the night of December 4, 1928, a bomb was exploded on the back porch of the second floor apartment of a building at 4858 Hermitage avenue, in Chicago, occupied by Bloom. The explosion wrecked the doors and did other damage estimated at about $400. Bloom and his wife were not at home at the time and no one was injured. The police investigated this bombing, but no arrests were made and nothing further came of the matter until eight months later, as will be seen. Shortly after the bombing in December, 1928, Brown, co-defendant in the case, was questioned at length by the police but told them he knew nothing about the bombing and was released. This Brown was a 36-year-old shipping clerk, who had been employed by Nathan Vehon & Co. for several years. Eight months later, August 19, 1929, Brown was arrested on the charge of larceny from Nathan Vehon & Co., together with two other employees named Goldman and Baltansky. On the day of the arrest all three confessed to stealing goods from Nathan Vehon & Co. over a period of about three months prior to the arrest, the amount of theft being about $500, of which Brown received $150. Strange to say, Vehon had not been told by the police or others of this stealing from his own company and first learned of it on August 20, 1929,—a day after the arrests were made. At the request of police officers Vehon then signed complaints against Brown and the others in the larceny case. On this same

evening, August 20, Brown confessed to the bombing of Bloom's apartment, implicating Vehon as an accomplice and instigator of the crime, and naming two others—Marvin Holmes as an accomplice and William Miller as the man who had actually done the bombing. At the time this confession was made the record shows that a Mr. Rothbart, the attorney for Bloom, was present at the police station and talked with Brown. In explaining this confession Brown says that Bloom's attorney, Rothbart, did most of the questioning, and told Brown: "It isn't you we want. We don't want you for this larceny, Brown. We want to hang it [the bombing] on Vehon. Now, if you will make a statement [implicating Vehon] I will see that you are turned loose to-night, or I will go your bond myself, if necessary." There is no denial of this statement in the record by Rothbart, and Brown was not released on bail but was confined in the county jail continuously from August 19, 1929, until the date of the Vehon trial. A day or two after August 20 the larceny charge was heard and all of the defendants charged with stealing from Vehon were placed on probation, Vehon then appearing as a complaining witness.

Soon after Brown's confession of the bombing an indictment charging conspiracy was returned against Brown, Vehon, Holmes and Miller. On December 23, 1929, the conspiracy indictment was called for trial, and on that day assistant State's attorney Keele learned that Brown had changed his mind about being a State's witness and was ready to repudiate his confession of the bombing. From Brown's testimony in the record it appears that Keele told Brown that his attorney was selling him out; that the State did not have a case against Vehon but had a good one against Brown, and Keele wanted to know why Brown had changed his mind, but Brown did not answer. No contradiction of this statement was made by Keele in the trial of Vehon. The trial under the conspiracy indictment was con-

tinued to January 20, 1930, and nothing further appears to have come of it, so far as this record shows.

A new indictment charging bombing was then returned against Brown, Vehon and Miller, Holmes being omitted from this second indictment. On January 22, 1930, Brown was tried separately in the criminal court of Cook county on this indictment for bombing, this being the same indictment upon which Vehon was tried in the case at bar. Brown took the witness stand in his own defense and denied all essential parts of his former confession of the bombing plot and denied that Vehon ever spoke to him concerning the bombing of Bloom's house, and stated that he (Brown) knew absolutely nothing about who did the bombing except what he had read in the newspapers. Brown's denial of his confession and of all knowledge of the bombing was not believed by the jury in his own trial and he was found guilty. Up to the time of Vehon's trial, however, no sentence had been imposed upon Brown by the court. In explanation of why he had denied his confession in his own trial, Brown stated in Vehon's trial that a strange attorney, a Mr. Roe, without previously consulting him, had pleaded him not guilty and told him to "deny everything and shield Vehon—he is helping." This is Brown's explanation of the perjury committed by him at his own trial. In the present case against Vehon, Brown again returns to the confession which he had repudiated at his own trial and says that Vehon was the one who first suggested the bombing and put up $50 to pay for the job. It is conceded by the People in their brief and argument that "unless the testimony of Brown in this case can be believed the People have no case."

This record is full of contradictory statements by Brown. Four different statements were made by him. Here they are: (1) In December, 1928, when questioned by the police, he told them he knew nothing about the bombing; (2) on August 20, 1929, while being held in jail on his

confession of larceny from Nathan Vehon & Co., he confessed to the bombing, naming Vehon as an accomplice; (3) on January 22, 1930, when on trial himself in the criminal court of Cook county, he denied his former confession implicating Vehon, said he knew nothing of the bombing except what he had read in the newspapers, and accused Bloom's lawyer, Rothbart, and Lieut. Barker of inducing him to make the confession under promises of release from jail, so they could "hang it" (the bombing) on Vehon; (4) on February 4, 1930, in the present trial, Brown again returns to his second statement and says Vehon is guilty.

On the face of this record, it is evident that the testimony of Brown cannot be believed. He stands convicted in his own trial of bombing, the jury there believing by their verdict that he had testified falsely on the witness stand. In the larceny case he stands guilty, by his own confession and plea, of stealing from his employer, Vehon. On top of this record of confession and conviction of two crimes Brown now admits he was a perjurer in his own trial, yet we are asked to disregard his former statements and believe that he is now telling the truth. How any court or jury could believe that such testimony, practically without corroboration, furnished proof, beyond a reasonable doubt, of the guilt of Vehon is beyond comprehension. Vehon's reputation as a respectable and law-abiding citizen and business man was established by the record and not disputed. He went on the witness stand and vehemently denied all knowledge of or connection with this bombing. The proof showed no motive for such an act on his part and no quarrel at any time with Bloom. On the other hand, Brown is a convicted but unsentenced accomplice in the bombing plot, in which he tries to implicate Vehon.

This court has always regarded the testimony of an accomplice with suspicion, to be acted on with great caution, especially if awaiting trial or sentence for his own crime or if corroborated only in part by the testimony of respectable

witnesses. (*People* v. *Looney*, 324 Ill. 375; *People* v. *Lewis*, 313 id. 312; *Hoyt* v. *People*, 140 id. 588; *People* v. *Rosenberg*, 267 id. 202.) In other words, this court recognizes the practical difficulty of convicting criminals without sometimes using the testimony of their associates. In such cases the accomplices and their principals usually bear the same shady reputations. (*People* v. *Looney, supra.*) But the situation is different in this case, where the defendant is shown to be a respectable, law-abiding citizen.

In addition to his contradictions and of his being an accomplice much of Brown's testimony is highly improbable. He says that he hired a man named William Miller to do the bombing for $50. Miller was never arrested or brought into court as a witness, and in the light of Brown's other testimony his very existence is a proper subject for speculation. But even accepting Miller's existence as the bomber, his only statement that he did the bombing was made to Brown and not made in the presence of Vehon. Such an admission is not admissible here to convict Vehon, as a confession or admission against interest by a co-conspirator or co-defendant is clearly inadmissible against a defendant who was not present when such confession or admission was made. *People* v. *Hanley*, 317 Ill. 39; *People* v. *Young*, 316 id. 508; *People* v. *Damico*, 309 id. 577; *People* v. *Evertson*, 310 id. 397; *People* v. *Buckminster*, 274 id. 435; *People* v. *Melnick*, 263 id. 24; *People* v. *Carmichael*, 314 id. 460.

From the foregoing it will be seen that any further consideration of this evidence is unnecessary. Brown's evidence convicted Vehon, and the People concede that without it they have no case. Brown is a confessed perjurer, a confessed thief and a convicted but unsentenced accomplice in a bombing plot. His story implicating Vehon does not ring true and is not corroborated to any important extent. There is clearly no proof of guilt here beyond a reasonable doubt. The circumstances under which Brown testified tend to cast

suspicion upon his motives. While the weight of the evidence is for the jury to determine, yet where the verdict is palpably contrary to the weight of the evidence, or the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt, this court may reverse the judgment and set aside the verdict. *People* v. *Holton,* 326 Ill. 481; *People* v. *Rice,* 323 id. 580; *People* v. *Elmore,* 318 id. 276; *People* v. *Kemming,* 311 id. 50.

Under the evidence Vehon was not guilty of the crimes charged in the indictment, and the judgment must be reversed. *Judgment reversed.*