## MOORE v. UNITED STATES.
### No. 530.

Circuit Court of Appeals, Tenth Circuit.
March 8, 1932.

Jno. W. Porter, of Muskogee, Okl., for appellant.

W. F. Rampendahl, U. S. Atty., of Muskogee, Okl.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

Tom A. Moore, Bert Hudlow, Sam Hudlow, and Tom Hudlow were indicted for violations of the Hastings Amendment (25 US CA § 244), and sections 3 and 25, Title 2, of the National Prohibition Act (27 USCA §§ 12, 39). Moore was convicted of counts 2 and 3 and sentenced. He has appealed.

Count 2 charged Moore and his codefendants with the manufacture of intoxicating liquor. Count 3 charged them with possession of property and materials designed and intended for use in the manufacture of intoxicating liquor.

The Government's evidence disclosed that on the night of February 16, 1931, four prohibition agents and a deputy sheriff went to a point about five miles northeast of Tuskahoma, Oklahoma, where they discovered a Dodge coupe parked beside the road. Agent Roddey and the deputy sheriff were left at that place and the others set out to search for a still. A short time later Roddey saw a wagon coming up the road. Two men were walking in front of the team, one of whom was carrying a light, and two were riding on the wagon. Upon being told to halt, all but Bert Hudlow ran. Roddey and the deputy sheriff fired their guns. Sam Hudlow was wounded in the arm and he surrendered. The other two escaped. One of the agents later found Tom Hudlow at his home and he said to the agent, "I was crippled, but I got over those hills." The other man who escaped resembled Moore in general appearance. Thirty-six gallons of whisky were found in the wagon. Shortly thereafter agent Pollan went to the home of Moore, which was approximately one and one-half miles from the place where the wagon was seized. He inquired for Moore, and was told that he was not at home. Pollan then hid in the bushes and about twenty minutes later a man came over the mountain from the direction of the still, which had been found by the agents. He stopped within 25 or 30 feet of Pollan, stood there five or six minutes, and then went inside the house. Pollan then went to the house and found Moore, and asked him where he had been. Moore replied, "Just running around." It had been raining and Moore's shoes were wet. Pollan told Moore they had his car and some whisky, and asked for the key. Moore first went behind a closet and then produced the key. They went to the car and searched it. A black notebook and some kodak pictures were found. Moore admitted ownership of the car.

The defense introduced evidence to establish an alibi.

■ At the close of the evidence, Moore's counsel interposed a demurrer to the indictment, which was overruled. Such ruling is assigned as error. The only ground assigned was that the indictment was not sufficient in law. The demurrer was properly overruled, as counts 2 and 3 clearly set forth all the essential elements necessary to constitute a public offense. Defects not going to the substance of the indictment were waived by Moore, since he went to trial without objecting by demurrer or motion to the form of the indictment, and without demanding a bill of particulars. Case v. United States (C. C. A. 9) 6 F.(2d) 530; Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709; 31 C. J. 794, 871.

■■ Witnesses for the Government testified that certain of the codefendants had told them that Moore was the owner of the still and they were being paid by him to operate it. The record discloses no objection or ex-

ception to this evidence. Part of it was hearsay as to Moore, but the court instructed the jury that evidence of conversations should be considered only as against the defendants alleged to have made them. In the prosecution of several defendants jointly charged with violating the Prohibition law, conversation admissible as to one is properly admitted where the court of his own motion or upon proper request therefor instructs the jury that it is admitted only as against such defendant. Latses v. United States (C. C. A. 10) 45 F.(2d) 949; Randazzo v. United States (C. C. A. 8) 300 F. 794; Radford v. United States (C. C. A. 2) 129 F. 49. Although the reference to Moore in the conversations increased the delicacy of the situation, it did not necessarily require its exclusion, where the proper instruction was given. Gibson v. United States (C. C. A. 9) 31 F.(2d) 19, certiorari denied 279 U. S. 866, 49 S. Ct. 481, 73 L. Ed. 1004; Kuhn v. United States (C. C. A. 9) 24 F.(2d) 910.

■ There was an attempt made by counsel for the Government to introduce in evidence two photographs found in the Dodge coupe the night it was seized. They were not admitted because they were not properly identified. Several questions were asked the witness concerning the pictures of the still, and one of the men in one of the pictures was identified as Moore. As the pictures were not exhibited to the jury, they could have had no prejudicial effect. The questions asked were preliminary and for the purpose of laying a foundation. It is not error to submit an exhibit to witnesses in the presence of the jury in an attempt in good faith to lay a foundation for its introduction, although it is finally excluded. Richards v. United States (C. C. A. 8) 175 F. 911.

■ A notebook was introduced, which had been found in the car, for the purpose of proving ownership of the car. It was admitted and counsel contends this was error, because it was obtained by an illegal search and seizure. It was not error to admit such notebook, for two reasons. Moore had knowledge of the seizure at the time it was made and raised no objection until it was offered in evidence. His objection therefore came too late. Adams v. New York, 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; Winkle v. United States (C. C. A. 8) 291 F. 493; Patterson v. United States (C. C. A. 9) 31 F.(2d) 737; MacDaniel v. United States (C. C. A. 6) 294 F. 769; Souza v. United States (C. C. A. 9) 5 F.(2d) 9; Landwirth v. United States (C. C. A. 3) 299 F. 281. Under certain circumstances this rule is not applicable. See Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654. Furthermore, the search and seizure was made upon reasonable and probable cause, and was therefore legal. All the circumstances taken together were sufficient to cause reasonable men to believe that liquor was being transported in the car. Underhill v. United States (C. C. A. 10) 47 F.(2d) 891; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407.

■ At the close of all the evidence, counsel for Moore interposed a motion for a directed verdict. Although no ground was assigned or suggestion made as a basis for this request, such motion presented the question of whether there was substantial evidence of Moore's guilt to permit the case to go to the jury. Isbell v. United States (C. C. A. 8) 227 F. 788. If all the substantial evidence was as consistent with innocence as with guilt, the motion should have been granted. Isbell v. United States, supra; Chambers v. United States (C. C. A. 8) 237 F. 513. The question here therefore is whether there was any substantial evidence of facts which were more consistent with Moore's guilt than with his innocence. Chambers v. United States, supra; Looker v. United States (C. C. A. 2) 240 F. 932; Stilson v. United States, 250 U. S. 583, 40 S. Ct. 28, 63 L. Ed. 1154. Three of the four men seen transporting the liquor were identified. The fourth was described as being about Moore's size and as wearing a large hat similar to the one seen on Moore later in the night. Within a short time after the two men fled from the officers, Pollan, who was hiding near Moore's house, heard a man coming over the mountain from the direction of the still. This man stopped about 25 feet from Pollan, stood there for five or six minutes and apparently surveyed the situation before he entered the house. This conduct tended to establish that he feared the officers might be waiting at the house to apprehend him. Pollan immediately thereafter went to the house and found Moore. His shoes were wet and he explained his whereabouts by stating that he had been "running around." He also produced the key to, and admitted his ownership of the Dodge coupe. We conclude that the evidence, under the rule above stated, was sufficient to sustain the verdict.

Finding no error, the judgment is affirmed.