## SCHMIDTBERGER v. UNITED STATES.
### No. 12198.

Circuit Court of Appeals, Eighth Circuit.
July 13, 1942.

Walter R. Barnes and Anthony P. Nugent, both of Kansas City, Mo., for appellant.

Maurice M. Milligan, U. S. Atty., Richard K. Phelps, Asst. U. S. Atty., and Otto Schmid, Asst. U. S. Atty., all of Kansas City, Mo., for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

Three separate indictments were returned against appellant, charging him with illegal sales of narcotic drugs, in violation of Title 26 U.S.C.A. Int.Rev.Code, § 2554. The indictments contained fourteen counts in all, on eleven of which defendant was found guilty. The first and second indictments were returned October 4, 1941, while the third indictment was returned October 30, 1941. The cases were consolidated for purposes of trial and were brought on for trial December 9, 1941. After the parties announced that they were ready to proceed with the trial, a jury was impaneled and sworn, and the court advised the respective parties that they might have thirty minutes on a side for opening statements. Thereupon counsel for defendant announced that they were filing motions to suppress certain evidence. The court announced that the motions, not having been offered until after the jury was sworn, when it was too late for the court to consider them, were overruled, and the trial of the action proceeded. The record does not contain all of the evidence, nor does it contain the instructions to the jury. From the judgments and sentences entered upon the jury's verdicts of guilty on eleven counts of the indictments, appellant prosecutes this appeal, seeking reversal on substantially the following grounds: (1) the court erred in permitting a tablespoon to remain visible to and in plain view of the jury and permitting a witness to testify concerning same after the evidence showed that the spoon had been taken by the Government from the office of defendant without his permission and without the aid of a search warrant, in violation of defendant's constitutional right guaranteed him by the Fourth and Fifth Amendments to the Constitution; (2) the

court erred in refusing to discharge the jury because of prejudicial and inflammatory remarks of the Assistant District Attorney in his argument to the jury in referring to the defendant as a "dope peddler," when there was no evidence before the jury that defendant had ever been convicted of peddling dope or narcotics of any kind. The appellant will be referred to as the defendant.

■■ During the examination in chief of one of the Government's witnesses, a tablespoon was produced, which the witness identified as having been in defendant's office. She was then asked the following question:

"Q. Was that spoon ever used or called for when these individuals, either Chambers or Landers were in the office?

"Mr. Nugent: Just a minute, if the Court please. Even before the spoon is introduced it is displayed before the jury for a certain purpose and we object to its display and any questioning about it for the reason that the spoon was taken from the office, if it is the same spoon, and she has testified it is, of Dr. Schmidtberger, without a search warrant having been issued to search the premises of the office of Dr. Schmidtberger.

"The Court: Overruled. There certainly has been no statement of any circumstances to the Court that would justify the sustaining of that motion. All I have here is that counsel said it was taken without a search warrant. There are many other legal ways to take an exhibit without a search warrant. Exception allowed.

"A. Yes, Dr. Schmidtberger would buzz and ask to have the spoon brought to him."

The witness does not seem to have been interrogated further on direct examination with reference to this exhibit, and it was not offered in evidence. On cross-examination, however, the witness testified that she made coffee there in the office five or six times a day; that the defendant drank lots of coffee; that the big spoon was used to measure the coffee, and that was the only thing she ever saw the spoon used for; that defendant was accustomed to having various friends in to drink coffee with him, some of them coming every day.

At the close of this witness' testimony, the court in the absence of the jury, stated that counsel for defendant had filed motions to suppress certain evidence which were overruled because not timely filed; that it did not desire to deny the defendant the opportunity to put on any evidence in support of the motions to suppress in the absence of the jury, suggesting that perhaps the Government's attorney would stipulate what the facts were. The Government's attorney then stated that there would not be anything offered in evidence which was taken from the office of the defendant, his automobile, or his person; that as to the spoon, "I will say at this time that that will not be introduced in evidence." Attorney for defendant then suggested that,

"I think this display should be taken from in front of the jury because it is misleading and confusing."

"The Court: I do not think it means anything; counsel has said they will not use it; that saves argument."

\* \* \* \* \*

"The Court: Any evidence further, Mr. Nugent?

"Mr. Nugent: That is all; if they are going to make that agreement, there is nothing further.

\* \* \* \* \*

"Mr. Nugent: I think the spoon should be taken from the display.

"The Court: If it is not going to be offered it ought to be taken away, although it is an ordinary spoon.

"Mr. Nugent: That is right."

The court again ruled that the motions to suppress should be denied because they were made too late, but it also ruled that it would deny the motions because of the additional ground that they served no function since it was not intended to offer any evidence to which the motions referred. So far as practical results are concerned, the record would not have been different had the court sustained defendant's motions because none of the evidence to which they were directed was offered or admitted in evidence. The complaint, therefore, is not directed to any ruling of the court with reference to the admissibility of evidence, but it is said that the court erred in permitting the spoon to remain visible and in view of the jury. After it was determined that it was not to be offered in evidence, the court directed its removal. When the witness who identified the spoon was interrogated by the Government with reference to it, there was certainly nothing before the court to indicate that this exhibit might not become competent evidence. Certainly, the spoon was not in itself a badge of crime. There were legitimate uses for such an instrument and the

evidence brought out by defendant on cross-examination showed that it had been used to measure out coffee that was being brewed from time to time in the defendant's office. It is impossible to believe that the display of this commonplace piece of tableware could have been prejudicial to the defendant in view of the undisputed evidence with reference to its use, and it is difficult to conceive what further the court could have done to protect the defendant against any damning inference that might be drawn from a viewing of the tablespoon. The prejudice, if any, must be found in the act of counsel for the Government in bringing the spoon before the jury. When requested so to do, the court directed that it be withdrawn. There is nothing to indicate that the Government's attorney was not acting in good faith, intending to offer the spoon in evidence. Indeed, we can not say from the record that it was not admissible in evidence. It is not prejudicial error nor misconduct for the prosecution to lay a foundation for the admission of evidence, which on objection is excluded. Richards v. United States, 8 Cir., 175 F. 911; Moore v. United States, 10 Cir., 56 F.2d 794. Even though the Government's attorney might have an erroneous theory of the admissibility of this evidence, that would not convict him of misconduct. The incident was too trivial to be of any significance, and the claim of prejudice is wholly without merit.

 It is next contended that the court erred in refusing to discharge the jury because of the alleged misconduct of the Assistant District Attorney in referring to the defendant as a "peddler of narcotics." The evidence is not all before this court. Whether it showed the defendant to be a "peddler of narcotics," we can not tell. It appears, however, that the jury convicted him of the illegal sale of narcotics not only at his office, which was his place of business, but at a hotel. At least as to that sale, he must have traveled from his place of business to the hotel and taken his goods with him for sale. To refer to him as a "peddler of narcotics," did nothing more than Count 4 of Indictment No. 15241 charged. Defendant was convicted on this count, and we must presume the evidence amply sustained the conviction. The prosecution is not to be denied the right to use terms descriptive of or characterizing the crime charged, when the evidence warrants, and it can not be held to have offended against any rule of propriety if the most euphonious term applicable may not have been used. Billingsley v. United States, 6 Cir., 274 F. 86. Comments by the prosecution which refer to and make unfavorable inferences from the conduct of the defendant in the course of the transaction for which he is on trial, or which refer to his character as shown by such conduct, supported by competent evidence, are not improper. In making such comment the prosecution may even characterize the defendant or his conduct in opprobrious or invective language, if it accords with the evidence in the case, and where the evidence warrants the belief that accused is guilty, the prosecution may employ terms appropriately descriptive of the crime charged. Gray v. United States, 8 Cir., 14 F.2d 366. We can not say that the argument of counsel here challenged was not warranted by the facts in the case.

We conclude that the defendant has had a fair trial and the record discloses no prejudicial error. The judgments appealed from are therefore affirmed.