## WILLIAMS v. UNITED STATES.
### No. 8617.

United States Court of Appeals
District of Columbia.
Argued Jan. 10, 1944.
Decided Jan. 31, 1944.

352

Mr. Herbert P. Leeman, of Washington, D. C. (appointed by the District Court), for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Bernard Margolius, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant was indicted, with one Childs, for grand larceny. Both were convicted. Appellant alone appeals. The error mainly relied upon is the failure of the court to direct a verdict at the close of the Government's case and at the close of the entire case. At the outset we are confronted with the fact that no motion for binding instructions was made at any stage of the case. Ordinarily, this would preclude review, but in serious criminal cases our practice has been to notice error vitally affecting the issue, without regard to the failure of counsel to conform to the rules. Schwartz v. United States, 56 App.D.C. 105, 10 F.2d 900. Accordingly, we have read the testimony and reached the conclusion that to permit the conviction to stand would result in a miscarriage of justice. To sustain it we should have to find, at least, that the evidence is more consistent with guilt than with innocence. Warner v. United States, 10 Cir., 60 F.2d 700. Considered from that aspect we are of opinion that not enough is shown.

Appellant on the day in question had borrowed a wheelbarrow for the purpose of collecting waste paper for sale to a junk dealer. While he was in a residence in Washington collecting bales of paper, Childs, who is said to have been drunk or nearly so, and who was in the same neighborhood and had previously that morning been working with appellant, took a physician's bag of surgical instruments out of an automobile parked in a nearby alley and put it in the wheelbarrow. Appellant on his return saw the bag, asked Childs where it came from, and was told that Childs had found it on a garbage can. Appellant dumped the bundles of paper he had obtained into the barrow and wheeled it to the junk shop. There, when the paper was removed for weighing, the bag was exposed. The junk dealer opened it and ascertained the name of the owner. He advised appellant to return it and appellant requested that he telephone the owner of the location of the bag. The junk dealer looked up the owner's address and wrote it down, but was too busy to telephone. Appellant thereupon went with the bag in his hands from the junk shop to find the doctor's house. He is an illiterate colored man and after several unsuccessful inquiries, he took the bag to the house of a friend in the same neighborhood and explained how he came into possession of it. The bag was again opened and the contents looked at by a number of persons in the house, after which appellant gathered up the surgical instruments which had been inspected by the onlookers and replaced them, explaining that he did not want them injured. He then took the bag into the adjacent yard and put it in a wood-box, and on the arrival of the police, and while he was still on the premises, he turned the bag over to the officer, stating that he had attempted without success to find the person to whom it belonged. The whole affair consumed only a couple of hours. There was a total failure of evidence of any concert of action by Childs and appellant. They had separated before the bag was taken by Childs and the taking itself was done while appellant was somewhere else. So far as appellant is concerned, there is no evidence that he attempted at any time to sell the bag or dispose of it unlawfully, but, on the contrary, the incidents related by all the witnesses are consistent with the fact that he had no part in the larceny and was actually trying to find the owner and deliver the bag to him. Certainly, he gave every publicity to the fact that he had possession of it, a circumstance which in itself would raise a reasonable doubt that he intended to retain it. We think there was a lack of substantial evidence of guilt.

Reversed and remanded.