**UNITED STATES of America,**
**Appellee,**

v.

**Santiago GONZALES CASTRO et al.,**
**Appellants.**

**No. 63, Docket 23654.**

United States Court of Appeals
Second Circuit.

Argued Nov. 18, 1955.

Decided Jan. 5, 1956.

Conrad J. Lynn, New York City, for appellants.

Thomas M. Debevoise II, Paul W. Williams, U. S. Atty., New York City, for the United States.

Before HAND, FRANK and MEDINA, Circuit Judges.

PER CURIAM.

The principal error charged on this appeal is that the credibility of the witnesses for the prosecution was so inpaired upon the trial, that no reasonable

---

jury could have been satisfied beyond a reasonable doubt of the accuseds' guilt. This assumes that in a criminal prosecution the judge may not submit the case to the jury unless he is himself satisfied, not only that there is testimony from which the accused's guilt may be inferred, but also that reasonable persons might be so satisfied beyond a reasonable doubt. This theory is based on the postulate that the accused is entitled to a protection greater than that the jury must be told that they must not have any fair doubt of the guilt of the accused, and that there is this preliminary question for the judge to answer. Whether that is the doctrine in all the circuits we need not inquire, for it is the thoroughly established doctrine in this circuit that the only difference between a civil action and a criminal prosecution is in the instruction that must be given to the jury that they must be convinced beyond all fair doubt.*

The objection that the jurors were examined on the *voir dire* by means of the Attorney General's list of "subversive" organizations we passed upon in United States v. Lebron, 2 Cir., 222 F.2d 531.

The charge was amply sufficient to inform the jury that the guilt of each defendant must be established independently of that of any other.

Judgment affirmed.

FRANK, Circuit Judge (concurring).

I concur in the result. I am filing this concurring opinion because I want to express my disagreement with the doctrine stated in the majority opinion. I admit that the occasions when that doctrine will have significance for an upper court will be few, but I consider the doctrine too inflexible to do justice in those few cases. The doctrine has been

long established by the decisions of this court. We have often held as follows:

(1) The trial judge commits reversible error if he does not instruct the jurors that, in order to find the accused guilty, they must conclude that his guilt has been proved beyond a reasonable doubt.

(2) But the trial judge commits no reversible error in failing to direct a verdict for the accused, or in failing to set aside a verdict against the accused, even if the trial judge, or the upper court on appeal, thinks the guilt of the accused has clearly not been proved beyond a reasonable doubt, provided only that the evidence would have been enough to go to the jury in a civil action.[1] As we said in United States v. Feinberg, 2 Cir., 140 F.2d 592, 594, 154 A.L.R. 272, "the standard of evidence necessary to send a case to the jury is the same in both civil and criminal cases." In United States v. Valenti, 2 Cir., 134 F.2d 362, 364, we said: "The requirement of proof beyond a reasonable doubt is a direction to the jury, not a rule of evidence * * * and it cannot be accorded a quantitative value other than as a general cautionary admonition."

This means, to state it bluntly, that a man may be jailed or put to death, although the trial judge and the upper court are clearly convinced that the man's guilt has not been proved beyond a reasonable doubt (*i.e.*, they are sure that no reasonable men would believe that his guilt has been thus proved).

I have recently come to question this court's doctrine.[2] It has not always been

---

* Becher v. United States, 2 Cir., 5 F. 2d 45; United States v. Becker, 2 Cir., 62 F.2d 1007, 1010; United States v. Valenti, 2 Cir., 134 F.2d 362, 364; Wigmore § 2497.

1. See, e. g., United States v. Costello, 2

Cir., 221 F.2d 668, 671; United States v. Feinberg, 2 Cir., 140 F.2d 592, 594, 154 A.L.R. 272; United States v. Valenti, 2 Cir., 134 F.2d 362, 364.

2. See my concurring opinion in United States v. Costello, 2 Cir., 221 F.2d 668, 679.

accepted by our court. See United States v. Wishnatzki, 2 Cir., 77 F.2d 357, 360; cf. Fraina v. United States, 2 Cir., 255 F. 28, 35. Some federal courts of appeal and some state courts do not now accept it. Some state appeal courts flatly state that they will reverse if the evidence does not show guilt beyond a reasonable doubt.[3] Some federal appellate courts say that a conviction must be reversed unless the evidence is "inconsistent with every reasonable hypothesis of * * * innocence", or "unless there is substantial evidence of facts which exclude every hypothesis but that of guilt," or the like.[4]

The rationale of this court's doctrine (as best as I can understand it) seems to be this: It is frequently difficult to ascertain nicely the difference between (a) proof by a preponderance of the evidence and (b) proof beyond a reasonable doubt;[5] despite the fact that "evidence upon an issue which merely preponderates is indeed different from evidence which excludes all doubt", yet, as "in the long run the line between them is too thin for day to day use," [6] judges cannot intelligently draw that line; therefore the judges must impose that difficult task on the jurors, and the jurors' conclusion is final, no matter how shaky its foundation.

This strikes me as a most dubious rationale, since it assumes that jurors have more intelligence than judges, a greater power to perceive nice distinctions. The Supreme Court does not rate judges so low, does not consider that they lack the ability to engage in such or similar line drawing. It requires a judge to perform that feat when he sits in a criminal case without a jury.[7] It requires a judge to make a not unlike distinction in a denaturalization proceeding (which is judge-tried); his decision for the government in such a case will be reversed if it rests on evidence measuring up merely to the standard of a preponderance of the evidence.[8] Consider also a judge-tried suit for the enforcement of an alleged voluntary trust,[9] or one to establish a lost instrument; in such and several other kinds of cases, the trial judge's decision will be reversed unless the proof was "clear and convincing" (or the like). In a patent case, the judge's decision as to prior use of the patented device must be reversed unless the proof leaves no reasonable doubt.[10]

It is true that seldom will a jury-tried criminal case arise where an upper court

**3.** See, e. g., People v. Vehon, 340 Ill. 511, 518, 173 N.E. 104.

**4.** See, e. g., Rent v. United States, 5 Cir., 209 F.2d 893, 899; United States v. Matsinger, 3 Cir., 191 F.2d 1014, 1016; Candler v. United States, 5 Cir., 146 F.2d 424, 426; Williams v. United States, 78 U.S.App.D.C. 322, 140 F.2d 351, 352; Kassin v. United States, 5 Cir., 87 F. 2d 183, 184; Paul v. United States, 3 Cir., 79 F.2d 561, 563–564; Warner v. United States, 10 Cir., 60 F.2d 700; Lempie v. United States, 9 Cir., 39 F.2d 19, 21; Moore v. United States, 10 Cir., 56 F.2d 794, 796; Yusem v. United States, 3 Cir., 8 F.2d 6, 8; Wright v. United States, 8 Cir., 227 F. 855, 857; Union Pacific Coal Co. v. United States, 8 Cir., 173 F. 737, 740.

**5.** I grant that the application of neither standard yields certainty; that no scales exist for "weighing" evidence; and that talk of "weighing" in this context relies on what may be a most misleading metaphor. See Larson v. Jo Ann Cab Corp., 2 Cir., 209 F.2d 929.

**6.** See United States v. Feinberg, 2 Cir., 140 F.2d 592, 594; "While at times it may be practicable to deal with these as separate without unreal refinements, in the long run the line between them is too thin for day to day use."

**7.** Criminal Rule 23, Fed.Rules Crim.Proc. 18 U.S.C.A., requires the judge in such a case to make findings of fact, if requested to do so. On review of his decision holding the accused guilty, would not the upper court reverse if convinced his findings were not based on evidence of guilt beyond a reasonable doubt?

**8.** Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525; Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796.

**9.** Cullen v. Chappell, 2 Cir., 116 F.2d 1017.

**10.** Deering v. Winona Harvester Works, 155 U.S. 286, 301, 15 S.Ct. 118, 39 L.Ed. 153.

—as distinguished from the trial judge— can be sure of the insufficiency of the evidence to meet the beyond-a-reasonable-doubt standard. For usually a determination of such insufficiency will depend upon an evaluation of the credibility of witnesses whose demeanor the trial judge and the jury observed, but whom the upper court cannot see or hear. However, just as, in some few extreme cases, an upper court—in determining that an error at the trial was harmless—may, from the printed record alone, act on its firm conviction of the defendant's guilt, Kotteakos v. United States, 328 U. S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, so in some few extreme cases, an upper court may be similarly convinced, from the printed record alone, that the evidence did not suffice to prove guilt beyond a reasonable doubt.[11]

Consequently, I think this court should make its doctrine more elastic and give real substance to the reasonable-doubt standard in appropriate cases. For, since a criminal action involves a man's life or liberty, we ought not, in such an action, accord much sanctity to *stare decisis* by adhering to a precedent favorable to the prosecutor, if we now consider it markedly unreasonable, undesirable, or unjust. See discussion and citations in United States v. Scully, 2 Cir., 225 F.2d 113, 118 (concurring opinion). For that reason, while in civil suits I feel obliged to follow recent decisions of this court with which I disagree,[12] I feel free to dissent from any of our decisions based on established rules adverse to one accused of crime, when I think those rules unjust. If this court continues to apply its doctrine, I hope that, some day soon, the Supreme Court, because of the conflict in this area between this Circuit and some other Circuits, will decide what is the correct rule. To be sure, in Pierce v. United States, 252 U.S. 239, 251–

252, 40 S.Ct. 205, 210, 64 L.Ed. 542, the Court said: "The question whether the effect of the evidence was such as to overcome any reasonable doubt of guilt was for the jury, not the court, to decide." But that statement does not assert that never can there be an exceptional case in which an appellate court should reverse because it is clearly convinced that the evidence is less than that required by the reasonable-doubt rule; several Circuits have apparently not so read it, as shown by several of the cases cited supra (note 4).

Despite the foregoing, I concur in the majority's decision in the instant case, because I think the testimony of unimpeached witnesses so strong that we cannot say that the guilt of these defendants was not proved beyond a reasonable doubt.

11. Cf. Gindorff v. Prince, 2 Cir., 189 F.2d 897, 898, where, in a civil case, we reversed because we rejected the trial judge's findings of fact, although they were supported by oral testimony of a witness he saw and heard—because we considered that testimony patently incredible in the circumstances.

12. See, e. g., my concurring opinion in Rieser v. Baltimore & O. R. Co., 2 Cir., 224 F.2d 198, 205.