**UNITED STATES of America**

v.

**Martin H. LUDWIG.**

**Cr. A. No. 19895.**

United States District Court
E. D. Pennsylvania.

Oct. 7, 1959.

Harold K. Wood, U. S. Atty., James P. Dornberger, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Marvin Comisky, Philadelphia, Pa., for defendant.

EGAN, District Judge.

Martin Ludwig has been found guilty by a jury of collecting postage unlawfully in violation of 18 U.S.C.A. § 1726.[1] The seven counts upon which he was convicted are identical, differing only as to the date of the offense and the amount overcharged. While some might agree that the amount involved ($1.21) is insignificant, such a matter is not determinative of the legal issue before the Court.

At the conclusion of the Government's case, the Court denied defendant's motion for judgment of acquittal and a similar motion was also denied at the close of all the evidence. Following the verdict, the defendant moved for judgment of acquittal or, in the alternative, for a new trial.

---

[1] "Whoever, being a postmaster or other person authorized to receive the postage of mail matter, fraudulently demands or receives any rate of postage or gratuity or reward other than is provided by law for the postage of such mail matter, shall be fined not more than $100 or imprisoned not more than six months, or both."

■ Taking the view most favorable to the Government, the verdict of a jury must be sustained if there is substantial evidence to support it. It is unnecessary to give a detailed recital of the facts since the evidence and the pattern of conduct were almost identical as to each count.

Various postal department inspectors and agents testified that they presented pre-weighed parcel post packages at the defendant's window and that he charged them a certain amount for the package but did not put a stamp or tape on the package. Later, when the packages were recovered, they were stamped or taped with the correct amount which in each instance was less than the amount Mr. Ludwig charged. Without giving a further recital of the evidence, the Court feels there is substantial evidence to support this verdict.

■ The defendant argues that the word "fraudulently" in this statute is a word of art and that the Government must show that the defendant in some way benefited by the overcharge. While it may be true that no one testified as to seeing the defendant actually taking any money, the Court does not think that this is necessary in this type of case. There was also testimony to the effect that the overcharges were made to cover shortages in defendant's account which he would be responsible to repay. Although there are no reported decisions defining "fraudulently" in this section of the Code, the Court is of the opinion that the word was used in the ordinary sense as in other criminal statutes and that the evidence in this case was sufficient to show the criminal intent of the defendant rather than that of mere mistake or inadvertance.

■ In the motion for a new trial, the defendant alleges several prejudicial errors which would require granting a new trial. The first relates to the argument of the United States Attorney in his summation to the jury as to matters not in evidence and implying that the defendant stole stamps. It must be remembered that it is not all improper argument that will require granting a new trial and it is only in the case of clear abuse by the United States Attorney that a verdict will be set aside. Marks v. United States, 10 Cir., 1958, 260 F.2d 377, certiorari denied, 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302. The following is the portion of the argument referred to:

"Mr. Dornberger: * * * Why did he do it? I don't know why he did it. You can't look into the mind of a man and determine why he did it. He averred on the witness stand he never got any money out of these books. Perhaps he did not. Maybe he took stamps. He admitted—

"Mr. Comisky: That is objected to, sir, that last statement. There is absolutely no testimony that this man ever took anything for which he did not pay or account for. I submit that is an unfair inference for the Assistant United States Attorney to make in his rebuttal. It is not rebuttal anyhow.

"The Court: There is no evidence to that effect. I do recall that the United States Attorney asked him if he had any stamps in his possession when he was out at the General Post Office.

"Mr. Dornberger: That is what I was referring to.

"The Court: And he said yes, that he paid for them.

"Mr. Dornberger: He said—

"The Court: If the jury can get anything from that, that is all right. But I think it is the kind of thing that wouldn't help too much in a case of this kind.

"Mr. Dornberger: I won't mention it further, sir."

■ However, upon careful review of the above remarks and applying them to the standard as set forth above, there

was not such a clear abuse or improper conduct as to warrant a new trial.

The remaining issues presented do not merit discussion and accordingly defendant's motion for a new trial will be denied.