**UNITED STATES of America**

v.

**Harold WAPNICK, James LaFazia, Charles Gersh, Robert Ezersky, David Brill and Vincent Terrasi, Defendants.**

**No. 60–Cr.–63.**

United States District Court
E. D. New York.

Feb. 2, 1962.

See also 202 F.Supp. 716.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for United States, John A. Occhiogrosso, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

William B. Jacobs, Brooklyn, N. Y., for defendant Robert Ezersky.

Samuel Segal, New York City, amicus curiae.

BARTELS, District Judge.

Defendant Robert Ezersky, along with fifteen other defendants, was indicted for transporting motor vehicles in interstate commerce with knowledge that the same were stolen, and for conspiracy to transport said vehicles. The indictment charged Ezersky with ten (10) substantive violations. At the close of all

the evidence one of the substantive counts against Ezersky was dismissed on motion of the United States. At the same time he made a motion, pursuant to Rule 29, Federal Rules of Criminal Procedure, 18 U.S.C.A., for a judgment of acquittal on the remaining counts. The Court reserved decision on the motion and submitted the case to the jury which thereupon returned a verdict of guilty against certain defendants including a verdict of guilty against Ezersky on the conspiracy count and on all of the substantive counts except one (Count 3).

The motion poses the question as to what is the proper test to be applied in determining whether the evidence adduced by the Government was sufficient to withstand a motion for judgment of acquittal. As appears hereafter, the various Circuit Courts are not in agreement as to the answer to this question.

Before the jury retired to consider their verdict, they were instructed by the Court that the defendant was presumed to be innocent until proven guilty, that the burden upon the United States was to prove the defendant guilty beyond a reasonable doubt, and that if a reasonable doubt existed the defendant must be acquitted. The Court further instructed the jury that where two inferences could be drawn from a fact, one consistent with guilt and the other equally consistent with innocence, the jury must draw the inference of innocence. From these instructions one would be inclined to conclude that it was also the law that if the evidence adduced on behalf of the United States was such that no reasonable mind could find that the defendant was guilty beyond a reasonable doubt, then the duty of the trial judge would be to

direct the entry of a judgment of acquittal. Indeed, the District of Columbia Circuit through Judge Prettyman has enunciated this standard as follows:

"The * * * rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. * * * " [1]

This yardstick has also found application in the Fifth and Ninth Circuits. [2] In Riggs v. United States, 1960, 280 F.2d 949, the Fifth Circuit adds that the rule finds support in the decisions of the Supreme Court in Mortenson v. United States, 1944, 322 U.S. 369, 374, 64 S.Ct. 1037, 88 L.Ed. 1331 and American Tobacco Co. v. United States, 1946, 328 U.S. 781, 787, note 4, 66 S.Ct. 1125, 90 L.Ed. 1575.

While this standard would seem consistent with the requirement that a defendant be proved guilty beyond a reasonable doubt, it has not been followed uniformly by all circuits. Not only have the Third [3], Fourth [4], Sixth [5] and Tenth [6] Circuits failed to adopt this standard, but it has been rejected by the Second Circuit. The Second Circuit on a motion of this nature follows a rule which may be

---

1. Curley v. United States, 81 U.S.App.D.C. 389, 1947, 160 F.2d 229, 232–233, cert. den., 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, rehearing den., 331 U.S. 869, 69 S.Ct. 1729, 91 L.Ed. 1872.

2. Elwert v. United States, 9 Cir., 1956, 231 F.2d 928, 933; Lambert v. United States, 5 Cir., 1958, 261 F.2d 799, 801.

3. United States v. Ludwig, D.C.Pa., 1959, 177 F.Supp. 365, 367.

4. Linden v. United States, 4 Cir., 1958, 254 F.2d 560, 567.

5. United States v. David, D.C.Ohio, 1958, 168 F.Supp. 269, cert. den., 1959, 359 U.S. 967, 79 S.Ct. 879, 3 L.Ed.2d 835.

6. Sandoval v. United States, 10 Cir., 1960, 285 F.2d 605, 607.

denominated as a "substantial evidence" test.[7] The basis for this disagreement in the circuits as to which yardstick should be applied stems from the controversy over the respective functions of the judge and jury in criminal cases. Under one rule the judge on a motion for acquittal uses the "beyond the reasonable doubt" test, i. e., the same which the jury is instructed to apply; while under the other rule the judge is required to employ the "substantial evidence" test which permits submission to the jury upon less persuasive evidence.

In the Second Circuit the rule appears to be well established. As stated in United States v. Feinberg, 2 Cir., 1944, 140 F.2d 592, 594, 154 A.L.R. 272, "the standard of evidence necessary to send a case to the jury is the same in both civil and criminal cases". No distinction is made between evidence which would satisfy reasonable men, and evidence which would satisfy reasonable men beyond a reasonable doubt. In other words, "the only difference between a civil action and a criminal prosecution is in the instruction that must be given to the jury that they must be convinced beyond all fair doubt." United States v. Gonzales Castro, 2 Cir., 1956, 228 F.2d 807, 808,

cert. den., 351 U.S. 940, 76 S.Ct. 838, 100 L.Ed. 1477. As observed in United States v. Masiello, 2 Cir., 1956, 235 F.2d 279, at 284[8], "the test for the judge to apply in determining what rational inferences of fact a jury may be permitted to draw from the testimony is the same in civil and criminal cases * * *." But in determining the existence of "substantial evidence"[9] the Court must construe the evidence most favorable to the Government. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.[10]

Logically speaking, the trial judge under this rule may be confronted with an anomalous situation on two occasions: (1) when, because there is substantial evidence, he must submit the case to the jury to apply the "beyond reasonable doubt" yardstick although he is satisfied that no reasonable mind could find the defendant guilty beyond a reasonable doubt, and (2) when, after the case has been submitted to the jury, he must refuse to set aside the verdict and grant a new trial because the weight of evidence supports the verdict, even though he is satisfied that no reasonable man could find the defendant guilty beyond a reasonable doubt.[11] These anomalies, it has been ex-

7. In some circuits this "substantial evidence" test is modified in those instances where the prosecution case relies upon circumstantial evidence, to further provide that "Unless there is substantial evidence of facts *which exclude every other hypothesis but that of guilt,* it is the duty of the trial judge to instruct the jury to return a verdict for the accused * * *." Salinger v. United States, 8 Cir., 1927, 23 F.2d 48, 52 (emphasis added). See also United States v. Maghinang, D.C.Del., 1953, 111 F. Supp. 760; Wesson v. United States, 8 Cir., 1949, 172 F.2d 931, 933–934; 55 Columbia L.Rev. 549, 550–551 (1955).

8. Cert. den. sub nom. Stickel v. United States, 1956, 352 U.S. 882, 77 S.Ct. 100, 1 L.Ed.2d 79.

9. "Substantial evidence * * * means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison

Co. of New York v. National Labor Relations Board, 1938, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126.

10. Although in Glasser the Court was describing the test applied by courts of appeal reviewing jury decisions, the test is apparently identical.

11. No disagreement is evident concerning the rule to be applied in order to set aside the verdict and grant a new trial. This may be attributable to the fact that the Court may do so in order to prevent a miscarriage of justice. United States v. Robinson, D.C.D.C., 1947, 71 F.Supp. 9. As indicated in Garrison v. United States, 4 Cir., 1932, 62 F.2d 41, 42, although the judge may not direct a verdict where there is "substantial evidence" in support of the plaintiff's case, he may set aside a verdict supported by "substantial evidence" where in his opinion it is contrary to the "clear weight of the evidence". In determining the weight of

plained, result from the fact that there is a distinction between instructions to the jury, which differ in criminal and civil cases, and the legal yardstick to be applied by the judge on submission of a case to the jury, which standard is the same in both criminal and civil cases. An attempt to inject the difference in instructions in the practical application of this judicial yardstick (which is indeterminate, at best) would, it is indicated, add nothing to the judicial process but simply promote confusion.[12] However, this doctrine has not been accepted without question.[13]

Applying the test laid down in this circuit, it is therefore the duty of this Court to ascertain whether the Government has adduced substantial evidence, viewed in the light most favorable to the Government, to establish the defendant Ezersky's guilt.

According to the regulations of the New York State Motor Vehicle Bureau, a dealer who sells a vehicle must fill out an MV–50 form reciting the name and address of the dealer and of the purchaser and also the dealer's source of ownership, whereas if the seller of a vehicle is a private individual he must fill out an MV–51 form describing the car, giving his name and address and the purchaser's name and address, and containing an affidavit of the seller and of the purchaser covering the ownership and sale of the car. Ezersky as a used car dealer had in his possession a book of MV–50 forms issued by the Bureau. The plan involved in this case provided that the culprits would purchase a wrecked car, steal a corresponding car, transfer the identification plates from the wrecked to the stolen car and then sell the stolen car as though it was the repaired wreck. To sell the car a chain of title was established by either issuing an MV–50 covering the wreck from a dealer to Ezersky or by issuing an MV–50 covering the wreck to a fictitious person and thereafter executing an MV–51 in the name of the fictitious person to Ezersky. There is no question that Ezersky in this manner aided the transportation of the stolen vehicles. The crux of the matter, however, is whether Ezersky had knowledge that these vehicles were stolen. Defendant Wapnick paid Ezersky $10 for each car that Ezersky "ran through his books", i. e. to prepare the necessary MV forms as though Ezersky was the purchaser and seller of the car. In each of the substantive counts which went to the jury Ezersky had filled out an MV–50 form transferring title to an automobile which in fact had been stolen. He was acquitted by the jury of the offense charged in Count 3 of the indictment, which involved a car that had been sold in Connecticut, the MV–50 for which had been prepared by Ezersky and had listed the address of the purchaser as "Waterbury, Conn." The jury thus found that Ezersky had no guilty knowledge with regard to that transaction, and the record is barren of any other evidence which would charge Ezersky with knowledge that any other car was sold outside of the State of New York. Under the law applicable to the conspiracy count[14], the Government had the burden of proving that the defendant had knowledge of such transportation and having failed to prove this element of the offense, Ezersky must be acquitted on that count. This elimi-

the evidence for this purpose the Court need not take the view most favorable to the Government. Applebaum v. United States, 7 Cir., 1921, 274 F. 43, 46.

12. United States v. Masiello, supra, 235 F.2d at page 285; 9 Wigmore on Evidence §§ 2497, 2498 (3d Ed. 1940).

13. See Judge Frank's dissenting opinion in United States v. Gonzales Castro,

supra, 228 F.2d at page 808, and United States v. Masiello, supra, 235 F.2d at page 285.

14. Davidson v. United States, 8 Cir., 1932, 61 F.2d 250; Linde v. United States, 8 Cir., 1926, 13 F.2d 59; see also United States v. Sherman, 2 Cir., 1948, 171 F. 2d 619.

**716**

nates all hearsay evidence that had been admitted in support of the conspiracy.

As to the remaining substantive counts, the evidence indicates that in addition to the above role played by Ezersky, several of the names appearing on the MV–50s issued by him as seller of the cars were in fact fictitious, that in one instance he signed a seller's affidavit on an MV–51 form in the name of "Hugh Regan" and did not recall whether he filled out other MV–51 forms, and that on another occasion he asked defendant Monteiro whether a certain car (not involved in any substantive count) was "hot" and Monteiro said he knew nothing about it and laughed at him. There was no other evidence in the record pointing to Ezersky's guilty knowledge. In construing the evidence most favorable to the Government, testimony negating Ezersky's guilt has not been considered.

It is true that the fact that Ezersky "ran the cars through his books" raises an inference of irregularity. The fact that there were fictitious names on the MV–50s and MV–51s and that Ezersky signed one fictitious name also raises an inference, but only an inference, that he knew that the purported sellers did not exist. At best, the conversation between Ezersky and Monteiro can raise only an inference that having asked the question, Ezersky knew or suspected that that particular car was stolen. In addition, there is a grave question as to whether that conversation was admissible against Ezersky on the substantive counts. In order to charge Ezersky with the offense there must be drawn from these inferences the further inference that Ezersky knew that the cars mentioned in the substantive counts were stolen. "Substantial evidence" means more than a synthesis of a chain of inferences from equivocal facts. Consequently, this evidence does not meet the test. Nosowitz v. United States, 2 Cir., 1922, 282 F. 575; United States v. Gardner, 7 Cir., 1948, 171 F.2d 753.

Motion granted.