Steve CASIAS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 8131.

United States Court of Appeals
Tenth Circuit.

July 28, 1965.

William A. Shaw, Denver, Colo., for appellant.

Donald P. MacDonald, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant was indicted, tried before a jury, convicted and sentenced for violation of the narcotics statutes. Upon appeal the conviction was affirmed.[1] Thereafter and while serving a State-imposed sentence, Casias filed a pro se motion to vacate and set aside his Federal conviction and sentence on the ground that one Gutierrez had, since the trial, confessed to the crime for which he had been convicted. The motion was denied, without a hearing, and upon appeal this court reversed and remanded the case with directions to treat the motion as one under Rule 33, F.R.Crim.P., as timely filed and to hold a hearing thereupon.[2]

In accordance with these directions, the trial court held an extended evidentiary hearing, in which Casias, Gutierrez, two narcotics agents, a former agent and a former special employee of the Bureau of Narcotics testified. The trial judge then found the "new evidence" to be without credibility and denied the motion.

A motion for a new trial on the ground of newly discovered evidence is not regarded with favor and should be granted only with great caution. The granting of such a motion rests in the sound discretion of the trial judge and the denial of such a motion will not be disturbed on appeal, in the absence of a plain abuse of discretion.[3]

We have carefully considered the transcript of the testimony taken at the hearing of appellant's motion and are

1. Casias v. United States, 10 Cir., 315 F. 2d 614, cert. denied, 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065.

2. Casias v. United States, 10 Cir., 337 F. 2d 354.

3. Long v. United States, 10 Cir., 139 F. 2d 652.

in accord with the trial judge's conclusion that the "new evidence" offered lacks credibility. In addition, we certainly cannot say that the trial judge abused his discretion in denying the motion.

Affirmed.