UNITED STATES of America,
Appellee,

v.

Michael J. GLEESON, Appellant.

UNITED STATES of America,
Appellee,

v.

William A. GLEESON, Appellant.

UNITED STATES of America,
Appellee,

v.

Buck GARRETT, Appellant.

Nos. 167–68 to 169–68.

United States Court of Appeals
Tenth Circuit.

May 29, 1969.

Rehearing Denied in No. 168–18
June 23, 1969.

Don Matlack, Wichita, Kan., for appellant Michael J. Gleeson.

J. Ashford Manka, Wichita, Kan., for appellant William A. Gleeson.

Marvin J. Martin, Wichita, Kan., for appellant Buck Garrett.

Guy L. Goodwin, Asst. U. S. Atty., (Benjamin E. Franklin, U. S. Atty., Wichita, Kan., with him on brief) for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a direct appeal from a conviction by a jury verdict. The several appellants were convicted of passing counterfeit money in violation of 18 U.S.C. §§ 2, 371 and 472.

The issues as presented will be stated and discussed in seriatim hereafter.

Appellants Gleeson and appellant Garrett are charged in separate overt counts. Gleesons are charged in count 2 with violation of 18 U.S.C. §§ 2 and 472.

Appellant Garrett is charged in count 4 with violation of 18 U.S.C. § 472.

Count 5 of the information charges the several appellants, and one who is not party to this appeal, with conspiring to violate the sections charged in the overt counts all in violation of 18 U.S.C. § 371. Ten overt acts are additionally charged in this count.

The several appellants were tried jointly on the above detailed charges.

The facts adduced at trial disclose the notes herein involved were counterfeit and made by the same set of counterfeit plates. The denomination of each spurious note was $100.00.

The testimony adduced revealed that appellant Mike Gleeson, on one occasion, received the change for a spurious note passed and that his brother, William, was with him on that occasion. It was further disclosed that the Gleeson brothers went to Colorado where a co-conspirator, Knight, passed at least one spurious note in their presence. Knight plead guilty to the offense in the District of Colorado and admitted on the stand that the Gleesons had contacted him and provided the spurious note. These admissions were elicited by cross-examination after the trial court ruled that Knight was an adverse witness. The reluctance of Knight to admit the facts adduced prompted the government attorney to confront him with a copy of the information from the Colorado district to which he had plead guilty. The chain of events occurring from the time each spurious note was passed until it was presented to the

Treasury Department agents was detailed in the evidence.

The testimony adduced relating to appellant Garrett identified him as having passed several spurious notes including the one alleged in the overt count and the ones alleged in the overt acts.

A former woman associate testified that Garrett obtained the spurious money from the Gleeson brothers. She and a male associate testified Garrett had exhibited and identified the notes in his possession as counterfeit. The male associate testified he passed two spurious notes, one cashed in Wichita, another in Sedalia, Missouri, which was purchased from Garrett. The business association between Garrett and one Strandberg, who was convicted with the several appellants herein but who is not a party to this appeal, is detailed in the evidence.

A Treasury agent identified the money as counterfeit and testified, as an expert, on the mode of detection.

Appellants Gleeson offered witness Lay who denied that a $100 note had been passed as alleged in the overt count in which they were charged. The witness also offered evidence affecting the credibility of the witness, Hopper, who had testified regarding the receipt of the bill and delivery of change to Mike Gleeson.

Appellant Garrett offered witnesses who testified regarding the credibility of his former woman and man associates. The convicted co-conspirator Strandberg testified that he had given Garrett some legal $100 notes on two occasions.

Upon this evidence the jury convicted the appellants.

Appellants were jointly tried and the trial court concluded that all motions, objections and exceptions interposed on behalf of individual defendants would be considered as if made severally for all the joint defendants. In this court the briefs and arguments are presented in like manner. We therefore discuss the issues with this understanding.

After the return of the verdict a motion for acquittal was argued together with a motion for a new trial in the alternative.

Fed.R.Crim.P. 29(c) authorizes the motion for acquittal. Fed.R.Crim.P. 33 covers motions for a new trial. It is common practice to join the alternative requests for judgment of acquittal or new trial in one motion, since the factual presentation may be the same as to each although the legal issues may be quite different.

■ Motions for new trial are not favored, and will be granted only with great caution.[1]

■ The brief of William Gleeson presents the issues detailed below in an alternative motion. A detailed examination of the arguments before the trial judge after the conviction reveals the issues specifically raised. They are: insufficiency of the evidence to convict, newly discovered evidence, and a totality of error which would require a new trial "in the interest of justice."[2] A consideration of the sufficiency of the evidence limits us to consider the evidence in the light most favorable to the prosecution.[3] A complete review of the transcript independent of the trial judge's analysis at

1. United States v. Lombardozzi, 343 F.2d 127 (2nd Cir.), cert. denied, 381 U.S. 938, 85 S.Ct. 1771, 14 L.Ed.2d 702 (1965).

2. Fed.R.Crim.P. 33 provides: "The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new

trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period."

3. McGee v. United States, 402 F.2d 434, 437 (10th Cir. 1968).

the time he denied the motion, viewed in the light of the foregoing rule, convinces us the evidence was sufficient to convict all the accused.

■■■ The newly discovered evidence presented was a prior and pending information filed in the District of Colorado charging witness Knight with an offense similar to the charge he plead guilty to, admitted as exhibit 11. This evidence was discovered after the trial, and diligence on the part of the movant is unquestioned. However, the newly discovered evidence must be more than impeaching or cumulative, must be material to the issues involved, and must be such as would probably produce an acquittal.[4] The trial court indicated the newly discovered evidence could only be impeaching and was not material to the issues and probably would not produce an acquittal. We agree with the trial judge and affirm his action. The totality of error requiring a new trial in the interest of justice is determined by our analysis of the alleged errors which follows hereafter.

Pretrial discovery motions seeking a bill of particulars, the names of government witnesses, the results of scientific tests, written statements of the defendants, and for any evidence favorable to the defendants, were not timely filed as required by Fed.R.Crim.P. 7(f) and 16 (f). The trial court nevertheless considered the motions, as it should have in the interest of fairness, under the circumstances. The circumstances are that the trial judge arraigned two of the accused and extended the time for filing the motions for 30 days which had expired before the motions were filed. However, another district judge in the District of Kansas arraigned the other two accused and upon request granted them up to the time of trial to file motions. Therefore, in fairness to all accused, the trial court properly considered the motions under the circumstances.

■■■ Motions for bills of particulars are granted or denied at the discretion of the court.[5] The denial will not be disturbed by an appellate court unless there was an abuse of discretion which denied an accused information which would define more specifically the offense charged against him.[6] We do not find an abuse of discretion on the part of the trial judge.

■ It is well settled in this circuit that in non-capital cases an accused is not entitled to be furnished a list of the names of government witnesses.[7]

■ The record does not reflect, and an independent in camera examination of the sealed reports fails to disclose, that the government withheld scientific tests or their transcribed results.

The court granted the accused the right to have written statements of the defendants. None were used in the trial, and we find no complaint from the accused that any were withheld.

■ An all encompassing motion for any evidence favorable to the defendants always gives the court concern. This motion filed on trial day, not specifically called up at that time, nor raised during the trial, appeared first after trial at the time the alternative motion was argued. The trial court properly disposed of it by a post trial in camera examination.[8]

■■ Appellants contend that under Fed.R.Crim.P. 8(b) and 14 they were entitled to be separately charged and separately tried.

Rule 8(b) permits charging two or more defendants in the same information when it is alleged that they participated

4. Gallegos v. United States, 295 F.2d 879 (9th Cir. 1961), cert. denied, 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 526 (1962).

5. King v. United States, 402 F.2d 289 (10th Cir. 1968).

6. Cefalu v. United States, 234 F.2d 522 (10th Cir. 1956).

7. Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968); Thompson v. United States, 381 F.2d 664 (10th Cir. 1967); Cordova v. United States, 303 F.2d 454 (10th Cir. 1962).

8. Hensley v. United States, 406 F.2d 481 (10th Cir. 1968).

in the same act or transaction or in the same series of acts or transactions. Rule 14 provides for relief from such joinder if prejudicial.

Relief from a questioned joinder is solely within the discretion of the trial judge absent an abuse. This court has said:

> "The appellants' contention that it was error to deny their motion for separate trials is without merit. Severance is a matter of discretion and we see no abuse of discretion here. Even less will it be an abuse of discretion to deny severance at the trial to come at which there will be no evidence of inculpatory statements of one defendant perhaps involving another." [9]

It is evident that there were no defendants' inculpatory statements here involved. Therefore, the determination of the trial court is affirmed.

■ In the face of Fed.R.Crim.P. 24(b), appellants contend error was committed because 11 peremptory challenges were allowed. The rule itself allows 10 peremptory challenges to joint defendants plus any further challenges the court may elect to grant. It was not error to restrict ten defendants to 10 peremptory challenges.[10] An analytical review of the trial judge's conduct in the exercise of the prescribed peremptory challenges plus an additional challenge convinces us that the appellants had a fair and impartial jury. Nothing is shown or argued that indicates a claim that this jury was unfair or partial.

We understand appellants to contend they were denied reports whose production is authorized under 18 U.S.C. § 3500 and Fed.R.Crim.P. 16.

We have independently examined the sealed files heretofore examined in camera by the trial court. The transcript has been carefully examined searching for a report that might have been erroneously denied appellants. We find none nor have any of the appellants identified a single report in existence that would meet the requirements lucidly enunciated by this court.[11]

■ The government called a convicted felon named Knight as a witness to prove the uttering and passing of a counterfeit note in the District of Colorado. His testimony involved two of the appellants. It immediately became apparent that Knight was a reluctant witness and the trial court concluded he was an adverse witness. Therefore government counsel was permitted to cross-examine. Government counsel had exhibit 11 marked for identification. The exhibit was a copy of an information filed in the District of Colorado charging the witness with uttering and passing a counterfeit note in that district naming but not charging two appellants as conspirators. Confronted with the exhibit, the witness admitted pleading guilty to the charge, admitted the presence of the appellants and that he had received the note from them. The court admitted the testimony and the exhibit. Error is claimed. The trial court properly relied upon Beckwith v. United States,[12] to admit the testimony.

In Jiron v. United States,[13] this court held pleas of guilty by co-conspirators could be admitted. Appellants contend Bruton v. United States,[14] denies the admission of the Knight evidence. *Bruton* is distinguishable, however, because there

9. Sullins v. United States, 389 F.2d 985, 989 (10th Cir. 1968).

10. Gradsky v. United States, 342 F.2d 147 (5th Cir.), cert. denied, 382 U.S. 846, 86 S.Ct. 58, 15 L.Ed.2d 86 (1965).

11. Bary v. United States, 292 F.2d 53, 58 (10th Cir. 1961) ; United States v. Kelly, 269 F.2d 448, 451 (10th Cir. 1959), cert. denied, 362 U.S. 904, 80 S.Ct. 615,

4 L.Ed.2d 555 (1960); Sells v. United States, 262 F.2d 815, 822–823 (10th Cir. 1958), cert. denied, 360 U.S. 913, 79 S.Ct. 1298, 3 L.Ed.2d 1262 (1959).

12. 367 F.2d 458 (10th Cir. 1966).

13. 306 F.2d 946 (10th Cir. 1962).

14. 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

were no statements of appellants offered in evidence which would have invoked the *Bruton* rule.

▇▇ Agents who had taken statements from witness Knight were permitted to testify. Tripp v. United States,[15] permits the offer of prior made contradictory statements when a recalcitrant witness recants his prior testimony.

▇▇ Expert testimony identified the spurious note passed in Colorado as having been made from the same set of plates as the others here involved. We find no error in the admission of the evidence complained of.

▇▇ The trial court, after consultation with counsel, accorded appellants one hour jointly for closing arguments. Appellants now contend this was so insufficient that it had the effect of denying each of them a fair trial. Appellants contend one hour is not sufficient for summation of a four day trial. The trial court aptly noted that more than half the time of trial was taken up in hearing objections of counsel. Having reviewed the record we agree. A trial court has wide discretion in the allotment of time for argument.[16] We find no abuse of this discretion.

▇▇ During the course of the trial, the court admonished counsel regarding the examination of exhibits. He immediately called all counsel to chambers and out of the presence of the jury discussed with them the handling and examination of exhibits during the course of the trial. When the court reconvened in the presence of the jury, the court explained that the evidence shuffle was an inadvertence and that neither the court's statement nor counsel's statements should be considered to prejudice the appellants.

Appellants moved for a mistrial.

Argument of counsel contained in the record reveals that the motion for a mistrial is based upon the following admonition of the court. "If counsel looks at any other exhibits and in any way tries to confuse the issue in this case, I will see you all later." Immediately thereafter judge and counsel retired to chambers where the discussion above recited occurred. The court reconvened, instructed the jury, and continued.

The following morning counsel brought two newspaper accounts to the court's attention at side-bar. The judge suggested he ask the jury if they had read the articles. Counsel objected to this because they believed it would highlight the incident to the jury. The newspaper articles were not made a part of the record but were alleged to have been called to the attention of the court as evidence of the prejudicial effect the judge's remarks had upon lay reporters.

The above recitation isolates the basis for the mistrial to the court's remarks above recited. This court has said many times, "[t]he trial Judge is not a mere moderator or umpire in the trial of a case in federal court, and, within reasonable bounds, he has the right to participate in eliciting the truth." [17]

We believe the court was properly exercising its duty to control the trial procedure guaranteeing a fair trial in this instance.

Affirmed.

15. 295 F.2d 418 (10th Cir. 1961).

16. Barnard v. United States, 342 F.2d 309 (9th Cir.) cert. denied, 382 U.S. 948, 86 S.Ct. 403, 15 L.Ed.2d 356 (1965), rehearing denied, 382 U.S. 1002, 86 S.Ct.

567, 15 L.Ed.2d 491 (1966); United States v. Mills, 366 F.2d 512 (6th Cir. 1966).

17. Ayash v. United States, 352 F.2d 1009, 1010 (10th Cir. 1965).