Robert L. **TOLHURST**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 71–1252.

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1971.

Carl N. Kelly, Wichita, Kan., for petitioner-appellant.

H. Ralph Klemm, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Robert Tolhurst was convicted in 1969 by a jury on a charge of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(b) and was sentenced to a term of twenty-five years. No direct appeal was taken by Tolhurst, though his court-appointed counsel, about whom he now complains, did file a motion for reduction of sentence. Upon hearing, this motion was granted and Tolhurst was resentenced to a term of fifteen years.

In 1970, Tolhurst filed a motion to vacate sentence under 28 U.S.C. § 2255. In his motion Tolhurst claimed that the judgment and sentence imposed on him should be vacated because his constitutional rights had been violated in two particulars: (1) denial of his right to the effective assistance of counsel at trial; and (2) improper comment by the prosecuting attorney in his closing argument concerning the fact that Tolhurst elected not to testify in his own behalf.

On the basis of the allegations contained in the aforesaid motion and the files and records of the case, the trial court did not hold an evidentiary hearing, as such, but summarily denied the

motion to vacate. In so doing, the trial judge, who presided at the trial, stated that Tolhurst's contention that he did not have the benefit of effective legal counsel is "nothing short of false" and concluded that court-appointed counsel had "actively and effectively conducted the defense of petitioner in a professional and thorough manner."

As concerns the charge of improper closing argument, the trial judge indicated that he did not recall any such comment by the prosecuting attorney and was confident that if there had been such statements objections would have been made by counsel. Tolhurst now appeals the judgment and order denying his motion to vacate. We find no error and affirm.

We shall first consider the charge of improper closing argument. The evidence was that two persons held up the employees of the Murray (Utah) State Bank at gunpoint and stole some $22,000 in currency. The so-called "No. 2" robber wore a lady's stocking as a mask, but was nonetheless identified by one bank employee as being Tolhurst. Another bank official testified that Tolhurst "looked like" the No. 2 robber, as did a customer who entered the bank while the hold-up was in progress. The No. 1 robber was positively identified by these three witnesses as being one David Harper.

Another of the Government's witnesses was a Mrs. Francene Young. She testified that she was an acquaintance of Harper's and that she was with Harper, Tolhurst and the latter's wife on the day before the robbery as well as on the day of the robbery itself. The testimony of Francene Young was no doubt quite damaging to Tolhurst, inasmuch as she testified that Harper and Tolhurst returned to the latter's home at a time shortly after the robbery occurred with a brown paper sack filled with a large sum of currency in wrappers.

Mrs. Young also testified in regard to a conversation which took place at a time when she, Harper, Tolhurst and his wife were all present, concerning some silk stockings purchased by Mrs. Tolhurst which were used by Tolhurst as a mask in the robbery. In this connection the following colloquy between counsel and Mrs. Young occurred:

"Q   O.K.   Going back to the day be-before, will you tell us what conversation you heard between Bob Tolhurst and Dave Harper, or anybody else present?

"A   Well, we talked and laughed about a lot of things.   There was a joke about stockings.

"Q   Did Bob Tolhurst say anything in connection with the stockings at that time?

"A   I think mostly he laughed about it.   There was some joke about Evelyn buying the stockings, and the clerk argued with her that they were too large for her."

In closing argument, the prosecuting attorney made reference to the oversize stockings as follows:

"  *   *   *   In this case another circumstance is the circumstance of the joking about the stocking. Why would Mr. Tolhurst's wife buy stockings too large for herself?   Another circumstance is the statement and the fact that there was no denial or reaction from Mr. Tolhurst; at least there is no evidence of denial or reaction by Mr. Tolhurst."

No objection was made upon trial to the foregoing comment by the prosecuting attorney. However, it is now argued that such violated Tolhurst's constitutional rights and that for this reason the judgment and sentence should now be vacated.   We disagree.

█   Counsel argues that the motion to vacate should have been granted under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), where it was held that in a state criminal proceeding comment to the jury by a prosecuting attorney on the failure of the defendant to take the witness stand and testify as to matters which he could reasonably have been expected to deny or explain because of facts within his

knowledge violated the Self-Incrimination clause of the Fifth Amendment as made applicable to the States by the Fourteenth Amendment. However, as we read the record, in the instant case the prosecuting attorney made no comment of the type prohibited in *Griffin*. Rather, it would appear that the comment of the prosecuting attorney was based on the testimony of Francene Young set out above and was legitimate comment concerning the reaction of Tolhurst when a joke was being made about the fact that Mrs. Tolhurst bought oversize silk stockings over the protest of the store salesman. We do not deem this comment of counsel as touching upon the failure of Tolhurst to testify. Certainly we perceive no such violation of Tolhurst's constitutional rights as would require a vacation of the judgment and sentence heretofore entered.

Tolhurst also argues that he was denied the effective assistance of counsel, and in his motion to vacate he "second guesses" his court-appointed counsel by alleging a wide variety of things that he claims counsel could have done which presumably would have resulted in a judgment of acquittal. For example, Tolhurst asserts that his court-appointed counsel failed to adequately and effectively cross-examine Francene Young to the end that her testimony should have been, but wasn't, discredited.

■ Hindsight is generally much better than foresight, but success in the outcome of a criminal prosecution is not the test of whether the accused was afforded the effective assistance of counsel. Goforth v. United States, 314 F.2d 868 (10th Cir. 1963), cert. denied, 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035. We have examined the record made upon trial and we agree with the conclusion of the trial court that Tolhurst was ably represented by his court-appointed counsel and that the claim of inadequate representation is without merit. The fact of the matter is that the Government had a strong case, and counsel did the best he could under the circumstances. Certainly the record belies any suggestion that Tolhurst's trial was a sham or a pretense. United States v. Davis, 436 F.2d 679 (10th Cir. 1971).

■ Counsel also argues, quite briefly, that the motion to vacate should be granted because of the failure of the trial court to give an instruction to the effect that the fact that Tolhurst's election not to testify did not create any presumption against him. *See* 18 U.S.C. § 3481. In thus arguing, counsel relies on Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), where it was held that a defendant in a federal criminal proceeding had, upon request, an indefeasible right to have the jury instructed that his failure to testify did not create any presumption against him.

We note that this failure on the part of the trial court to thus instruct the jury was not mentioned in the motion to vacate and accordingly was in nowise considered by the trial court in its disposition of the motion to vacate. We are reluctant to consider matters of this type raised for the first time in the appellate court and in the instant case elect not to do so. We would note in passing, however, that in the instant case we find no request, as such, that an instruction concerning the effect of the defendant's failure to testify be given. Rather, after the jury had commenced its deliberation it was then brought to the attention of the trial judge that through oversight he had failed to give the usual instruction on this matter. The trial judge indicated that he felt it would tend to emphasize Tolhurst's failure to testify if he brought the jury back for the additional instruction. And counsel acquiesced therein. Under these circumstances it is doubtful that the failure to give such instruction would warrant the setting aside of Tolhurst's conviction.

Judgment affirmed.