**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Ismael PEREA, Defendant-Appellant.**

**No. 71–1550.**

United States Court of Appeals,
Tenth Circuit.

April 12, 1972.

Robert N. Singer, Albuquerque, N. M., for defendant-appellant.

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Mark B. Thompson III, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before HILL, SETH and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Mexico entered on July 8, 1971, denying the motion of appellant for a new trial.

Appellant was charged in a two-count indictment with violation of 21 U.S.C. § 174, concealing a narcotic drug, and of 26 U.S.C. § 4705, selling same without a

written order on a form issued by the Secretary of the Treasury. The charges were based on an alleged purchase of heroin by a government informer on April 22, 1967. Perea was convicted by a jury, and received concurrent five-year sentences on each count. He appealed, and his conviction was affirmed.[1] Perea then sought a writ of certiorari from the United States Supreme Court; the writ was denied.[2] A motion for a new trial was filed in the trial court on June 2, 1971; the motion was denied. Perea appeals.

Appellant's motion was based upon newly discovered evidence unavailable to the accused at the time of trial. At the trial, appellant Perea testified that he had not seen or talked to the government informant, Ben Luis Apodaca, from January to August, 1967. The government rebutted with testimony of Officer Rodela, of the New Mexico State Police, to the effect that he had observed Perea in a conversation with Apodaca at Perea's bar, the A Mi Gusto, on the afternoon of May 10, 1967. Perea denied the conversation. The newly discovered evidence supporting appellant's motion for a new trial consists of affidavits indicating that Perea had not been at his place of business on May 10, 1967. In denying appellant's motion for a new trial, the court found that the proffered newly discovered evidence would serve merely to impeach the testimony of a government witness concerning an incident unrelated to the offenses charged. Appellant argues that the trial court abused its discretion in denying

the motion for a new trial, and that the interests of justice support a grant of a new trial. We find no abuse of discretion here, nor do the interests of justice demand a new trial.

■ A motion for a new trial is generally not regarded with favor, and is granted only with great caution.[3] The grant of a motion for a new trial is addressed to the sound discretion of the trial court; denial of the motion will not be reversed absent plain abuse of discretion.[4] If a new trial is to be granted on the basis of newly discovered evidence, " . . . the . . . evidence must be more than impeaching or cumulative, must be material to the issues involved, and must be such as would probably produce an acquittal." United States v. Gleeson, 411 F.2d at 1094 (10th Cir. 1969). Perea's whereabouts on May 10, 1967, was not material to the offenses occurring on April 22, 1967. The trial court correctly held that the newly discovered evidence would serve merely to impeach the testimony of a government witness concerning an incident unrelated to the offenses charged; we are bound to uphold the finding.[5] The newly discovered evidence certainly cannot be characterized as consisting of a quantum that probably would produce an acquittal; indeed, the newly discovered evidence here relates to an incident peripheral to the offenses charged. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for a new trial, nor does justice demand that the motion be granted.

Affirmed.

1.  United States v. Perea, 413 F.2d 65 (10th Cir. 1969).

2.  Perea v. United States, 397 U.S. 945, 90 S.Ct. 960, 25 L.Ed.2d 125 (1970).

3.  United States v. Gleeson, 411 F.2d 1091, 1093 (10th Cir. 1969); Casias v. United States, 350 F.2d 317 (10th Cir. 1965).

4.  King v. United States, 402 F.2d 289 (10th Cir. 1968); Casias v. United States, 350 F.2d 317 (10th Cir. 1965); Wion v. United States, 337 F.2d 230 (10th Cir. 1964).

5.  United States v. Miles, 449 F.2d 1272 (10th Cir. 1971).