**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carson William STEEL, Jr., et al.,
Defendants-Appellants.**

**Nos. 71–1448 to 71–1450.**

United States Court of Appeals,
Tenth Circuit.

April 28, 1972.

Ernest R. Anthis, Jr., Muskogee, Okl., for defendants-appellants.

Robert D. McDonald, Asst. U. S. Atty., (Richard A. Pyle, U. S. Atty., Muskogee, Okl., on the brief), for plaintiff-appellee.

Before CLARK,* Associate Justice, and HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a conviction by a jury in the Eastern District of Oklahoma of violation of 18 U.S.C. § 2113(d), bank robbery by use of a dangerous instrumentality.

The Clayton State Bank at Clayton, Oklahoma, was robbed at gunpoint by two masked men on September 17, 1970; a third man drove the getaway vehicle. Twenty two thousand dollars was taken, and has never been recovered. Carson William Steel, Jr., DeRoy Shomo, and Larry Joe Jackson were indicted by a grand jury for the robbery. A pre-trial motion to suppress lineup identification of the defendants and other matters was denied by the court. The case was tried to a jury on March 1 through March 4, 1971, and a verdict of guilty was returned by the jury on March 4, 1971. Post-trial motions for a new trial and acquittal, based on insufficient evidence and newly discovered evidence, were denied. On April 16, 1971, the defendants were sentenced to fifteen years imprisonment. The defendants now appeal.

Appellants advance four points in support of reversal of the convictions. Appellants first argue that the in-court identifications were tainted because of the manner in which the post-indictment lineup held at Muskogee, Oklahoma, was conducted. Appellants would have this Court believe that the lineup was unduly suggestive, thus rendering identifications based thereon tainted and inadmissible. The conduct of the lineup was as follows. The appellants were all 22 and 23 years of age. Each appeared in a group of six young men, mostly but not exclusively drawn from Muskogee High School. The groups ranged in age from 16 to 29. The members of the groups were variously dressed; a hand-

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

kerchief and hat were passed from man to man, each putting on the disguise in turn. One of the appellants was seen by the bank employees in an anteroom before the lineup; the appellant was not under restraint or in custody at that time. Four employees of the Clayton State Bank were present; each appellant was identified by at least one employee, and some by more than one employee. The employees were unacquainted with any of the participants in the lineup. We do not construe the circumstances of the lineup as unduly suggestive. Thus Foster v. California, 394 U. S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), is not applicable. The attorney for appellants was present at the lineup and had opportunity to object to the conduct thereof; the requirements of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), are thus satisfied. Although we recognize that the chance meeting of the witnesses and one of the appellants may not be the ideal procedure, we decline to characterize the incident as suggestive within the purview of Foster. No error was committed in allowing in-court identifications of appellants. Appellants specifically or inferentially raise additional points of error in connection with the above contention. We find them likewise to be without merit.

■ Appellants attack the admission of evidence allegedly based on inference and having no connection to appellants. The evidence here in question is the testimony concerning a stolen tire found on the getaway vehicle. The tire was not admitted into evidence because of successful defense objection; the trial court instructed the jury that the testimony concerning the tire was to be disregarded, and did not connect the appellants with the crime charged. It is not error for the prosecution to lay the foundation for the introduction of evidence which is excluded on objection. Schmidtberger v. United States, 129 F. 2d 390 (8th Cir. 1942).[1] No prejudice resulted from this testimony.

■ The appellants' third contention is that an inculpatory statement made outside the presence of one of the appellants was introduced into evidence to the prejudice of all appellants. Paul G. Miller testified that Larry Joe Jackson, in the presence of DeRoy Shomo, had told him that he, Shomo and Steel had robbed the Clayton State Bank. Appellants rely on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), wherein the Supreme Court held that a defendant's confession admitted into evidence against a co-defendant violated that co-defendant's constitutional right of cross-examination when the defendant chose not to testify. Bruton is inapplicable here. Jackson testified, thus giving both Shomo and Steel the opportunity to cross-examine. Admission of this evidence against Shomo was proper. He had been present at the alleged declaration. A declaration of one defendant made in the presence of another defendant, and under such circumstances as would warrant an inference that the other defendant would naturally have contradicted it if he did not assent, is admissible.[2] The trial court instructed the jury that the statement was not evidence against Steel, who had not been present when Jackson allegedly made the statement, thereby complying with the prevailing law in this Circuit.[3] Admission of this testimony was not error.

■ Appellants finally argue that the trial court erred in failing to grant a new trial based on newly discovered evidence. The newly discovered evidence consists of the confession of one Ray Culp that he, Paul Miller and Eddie McCoy had robbed the Clayton State Bank, rather than the appellants. Grant

1. See also United States v. Woodring, 446 F.2d 733 (10th Cir. 1971); Moore v. United States, 56 F.2d 794 (10th Cir. 1932).

2. Tucker v. United States, 279 F.2d 62 (5th Cir. 1960).

3. See Beckwith v. United States, 367 F.2d 458 (10th Cir. 1966).

of a new trial on the basis of newly discovered evidence is within the trial court's sound discretion,[4] and is to be made only with great caution.[5] A new trial will not be granted unless the newly discovered evidence is credible and would probably produce an acquittal.[6] A hearing was held by the trial judge; he found Culp's confession lacking in credibility. We find no abuse of discretion in denial of appellants' motion for a new trial.

Affirmed.

---

4. King v. United States, 402 F.2d 289 (10th Cir. 1968) ; Casias v. United States, 350 F.2d 317 (10th Cir. 1965) ; Wion v. United States, 337 F.2d 230 (10th Cir. 1964).

5. United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969) ; Casias v. United States, supra.

6. United States v. Gleeson, supra ; Wion v. United States, supra.