**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John F. GRISMORE,**
**Defendant-Appellant.**

No. 75–1880.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 21, 1976.

Decided Nov. 8, 1976.

James L. Treece, U. S. Atty., J. Terry Wiggins, Sp. Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

John F. Grismore, pro se.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

John F. Grismore, (Grismore), appeals a conviction for three counts of violating 18 U.S.C.A. § 472, uttering and possessing counterfeited obligations of the United States.

The conviction was the result of an incident that took place on October 31, 1974, in Denver, Colorado. Grismore flew to Denver to sell four hundred liberty medallions to a Robert Wagner. Grismore received the purchase price in cash in a brown paper sack and two large white envelopes allegedly containing escrow agreements. After the transaction was completed, Grismore allegedly noticed upon closer examination that Wagner had paid in counterfeit money. Grismore separated the money according to denomination and found that a small amount of it was genuine currency. He then purchased a pair of sox from Rex Bell with a ten dollar federal reserve note, which felt unusual to Bell who took it to a local banker who identified it as counterfeit. Later a United States Secret Service Agent confirmed the fact that the bill was counterfeit.

When Grismore was arrested, he had an additional counterfeit federal reserve note in his possession. Upon execution of a search warrant the following items, among others, were seized from Grismore's rental car: (1) sixteen pages each of 50 and 100 dollar counterfeit federal reserve notes, each page containing four fully printed notes, (2) $5,690.00 face value counterfeit federal reserve notes, and (3) a briefcase containing various other items.

Grismore testified at trial that he did not know the two ten dollar bills were counterfeit, that he had no intent to defraud anyone, and that he believed this case was a part of a conspiracy by government agents to frame him because of his vocal resistance of the tax laws of the United States. He further testified that he was an experienced printer and that he had the equipment necessary to print counterfeit money.

Grismore's main contentions on appeal are: (1) Does the right to counsel include the right to assistance by a layman? (2) Does the word "obligation" as contained in 18 U.S.C.A. § 472 properly include federal reserve notes? (3) Was the jury that tried him fair and impartial? (4) Was the jury properly instructed as to the use of the uncut federal reserve notes? (5) Was the evidence improperly tampered with by the prosecution thereby giving him a right to a new trial?, and (6) Was his trial counsel competent?

## I.

Grismore contends that he was denied his right to counsel as guaranteed by the Sixth Amendment to the Constitution of the United States because he was not allowed to have the person he requested represent him. Grismore requested the court to allow Jerome Daly to represent him. Mr. Daly is not a member of any Bar Association, having been disbarred by the Minnesota Supreme Court. *In re Daly,* 291 Minn. 488, 189 N.W.2d 176 (1971). The court denied Grismore's request:

. . . the procedure which will be followed in this case will be that either you represent yourself or you have counsel retained who is a member of the Bar of this Court, or you may proceed with your court appointed counsel.
[R., Vol. I, p. 4.]

Grismore chose to be represented by court appointed counsel who handled all arguments and the examination of all witnesses.

█ The Constitution does not provide the right of representation by a lay person. "Counsel" as referred to in the Sixth Amendment does not include a lay person, rather "counsel" refers to a person authorized to the practice of law. *United States v. Cooper,* 493 F.2d 473 (5th Cir. 1974), cert. denied, 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970); *Harrison v. United States,* 128 U.S.App.D.C. 245, 387 F.2d 203 (1967), reversed on other grounds, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *McKinzie v. Ellis,* 287 F.2d 549 (5th Cir. 1961).

Even in those instances where it has been held to be permissible for a lay person to represent a criminal defendant, it is within the discretion of the trial judge to disallow such representation. *United States v. Jordan,* 508 F.2d 750 (7th Cir. 1975); *Sanders v. Russell,* 401 F.2d 241 (5th Cir. 1968); *United States v. Stockheimer,* 385 F.Supp. 979 (W.D.Wis.1974).

Jerome Daly has been denied the right to represent a criminal defendant at trial prior to this case. *United States v. Corrigan,* 401 F.Supp. 795 (D.Wyo.1975) and *Turner v. American Bar Association,* 407 F.Supp. 451 (N.D.Tex.1975).

█ The trial court did not commit error in denying Grismore's request that Jerome Daly be permitted to represent him.

## II.

█ Grismore contends that 18 U.S.C.A. § 472 is unconstitutionally vague because it contains the word "obligation" of the United States which he argues does not properly include federal reserve notes. We hold that this contention is without merit.

"The term 'obligation or other security of the United States' includes . . . Federal Reserve notes, Federal Reserve bank notes . . ." 18 U.S.C.A. § 8. Congress has thus specifically included federal reserve notes within the purview of 18 U.S.C.A. § 472. "Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts." *United States v. Maryland Savings-Share Ins. Corp.,* 400 U.S. 4, 6, 91 S.Ct. 16, 17, 27 L.Ed.2d 4 (1970). Federal reserve notes are clearly obligations of the United States because, " . . . The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks . . . They shall be redeemed in lawful money on demand . . ." 12 U.S.C.A. § 411.

█ We have held that mutilated federal reserve notes are obligations of the United States. *United States v. Drumright,* 534 F.2d 1383 (10th Cir. 1976). Logic dictates that a complete federal reserve note is an "obligation." A person of reasonable intelligence is certainly aware that it is a violation of 18 U.S.C.A. § 472 to counterfeit a federal reserve note.

## III.

Grismore contends that he was denied a fair trial because of various errors committed in the process of choosing the jury and because of an erroneous court instruction to the jurors as to their duties. We disagree.

## A.

■ Grismore challenges the array because the selection process was from a voter registration list which he contends excludes a substantial portion of the community. Grismore made no objection to the jury array before voir dire examination. Furthermore, he accepted the jury and thus waived his right to object. 28 U.S.C.A. § 1867; *Francis v. Southern Pacific Co.,* 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948); *Hill v. Texas,* 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559 (1942); *Leggroan v. Smith,* 498 F.2d 168 (10th Cir. 1974); *United States v. Jobe,* 487 F.2d 268 (10th Cir. 1973), cert. denied, 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974).

■ Even had Grismore made a timely objection, he did not meet his burden of showing that the selection process systematically and arbitrarily excluded a cognizable class from jury service to his prejudice. *United States v. DeAlba-Conrado,* 481 F.2d 1266 (5th Cir. 1973). The use of voter registration lists has been upheld even if an identifiable group votes in a proportion lower than the rest of the population. *United States v. Freeman,* 514 F.2d 171 (8th Cir. 1975); *United States v. Lewis,* 472 F.2d 252 (3rd Cir. 1973); *United States v. Guzman,* 468 F.2d 1245 (2d Cir. 1972), cert. denied, 410 U.S. 937, 93 S.Ct. 1397, 35 L.Ed.2d 602 (1973); *United States v. Ross,* 468 F.2d 1213 (9th Cir. 1972), cert. denied, 410 U.S. 989, 93 S.Ct. 1500, 36 L.Ed.2d 188 (1973); *Camp v. United States,* 413 F.2d 419 (5th Cir. 1969), cert. denied, 396 U.S. 968, 90 S.Ct. 451, 24 L.Ed.2d 434 (1969). Therefore, the jury array was well within the standards of a "cross-section" of the community.

## B.

■ Grismore challenges the voir dire examination because it was conducted by the judge and not by counsel. This contention is frivolous and wholly without merit.

Fed.Rules Cr.Proc., Rule 24(a), 18 U.S.C.A. allows the judge to conduct the voir dire examination personally. It is the practice in this Circuit for the court to ask the voir dire questions. *United States v. Hall,* 536 F.2d 313 (10th Cir. 1976); *United States v. Hill,* 526 F.2d 1019 (10th Cir. 1975), cert. denied, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); *United States v. Addington,* 471 F.2d 560 (10th Cir. 1973); *Brundage v. United States,* 365 F.2d 616 (10th Cir. 1966). It is discretionary with the trial judge to permit the attorneys to supplement the questioning, but the court has discretion in deciding what questions are to be asked. The court's discretion will not be disturbed. *United States v. Hill, supra.*

## C.

Grismore contends that the court erred in not dismissing Carol J. Lopez from jury service for cause.

■ Mrs. Lopez testified that her husband was a police officer, that she knew a great many police officers and that, "I know what it is to prove a case. I have been in court a lot . . ." [R., Vol. III, p. 184.] Grismore argues that she, Mrs. Lopez, was "overqualified." Significant, we believe, is Mrs. Lopez' further testimony that she could serve as a fair and impartial juror. The court did not err in refusing to excuse her for cause. The defense exercised its last preemptory challenge and excused Mrs. Lopez.

The qualification of Mrs. Lopez to serve as a fair and impartial juror rested within the discretion of the trial court. The trial court's determination will not be disturbed on appeal absent a clear showing of abuse of discretion. *United States v. Mason,* 440 F.2d 1293 (10th Cir. 1971), cert. denied, 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165; *United States v. Porth,* 426 F.2d 519 (10th Cir. 1970), cert. denied, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).

We find no abuse of discretion. Mrs. Lopez testified that she could serve as a fair and impartial juror. This is well within the standard enunciated in *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1960), to-wit: " . . . It is sufficient if the juror can lay aside his impression or opinion and render a verdict based

on the evidence presented in court." 366 U.S., at 723, 81 S.Ct., at 1643.

■ Mrs. Lopez' status as a wife to a policeman does not disqualify her, *ipso facto*, from jury service. *Mikus v. United States*, 433 F.2d 719 (2d Cir. 1970).

### D.

Grismore claims that he was denied a fair trial in that the court did not instruct the jury that they could decide the law as well as the facts. He further contends that the jury should have been instructed that they can disregard the court's instructions as to the law.

■ It is well-established that the court instructs the jury as to the rules of law and that the jury applies the facts as they find them to those rules. *Delli Paoli v. United States*, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); *Sparf and Hansen v. United States*, 156 U.S. 51, 715, 15 S.Ct. 273, 39 L.Ed. 343 (1895).

■ A criminal defendant is not, of course, entitled to have the jury instructed that they can disregard the law. *United States v. Gorham*, 173 U.S.App.D.C. 139, 523 F.2d 1088 (1975); *United States v. Wiley*, 503 F.2d 106 (8th Cir. 1974); *United States v. Dougherty*, 154 U.S.App.D.C. 76, 473 F.2d 1113 (1972); *United States v. Dellinger*, 472 F.2d 340 (7th Cir. 1972), cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973).

### IV.

Grismore alleges that the court erred in instructing the jury that the uncut sheets of federal reserve notes were not counterfeit as a matter of law. He claims that this instruction created an improper inference that the cut sheets were conclusively counterfeit.

The court first instructed the jury:

The obligation at issue must have been counterfeit. The proper test for determining what constitutes a counterfeit obligation is whether the obligation bears such a likeness or resemblance to any of the genuine obligations or securities issued under the authority of the United States as is calculated to deceive an honest, sensible and unsuspecting person of ordinary observation and care dealing with a person supposed to be honest and upright.
[R., Vol. VII, p. 631.]

■ We hold that the above quoted instruction is the proper jury instruction for the determination of that which is counterfeit. *United States v. Chodor*, 479 F.2d 661 (1st Cir. 1973), cert. denied, 414 U.S. 912, 94 S.Ct. 254, 38 L.Ed.2d 151 (1973); *United States v. Johnson*, 434 F.2d 827 (9th Cir. 1970); *United States v. Smith*, 318 F.2d 94 (4th Cir. 1963); *United States v. Lustig*, 159 F.2d 798 (3rd Cir. 1947).

■ The court then instructed the jury that the uncut bills could not be considered as counterfeit. Here, part of the evidence established the existence of possibly counterfeit notes and other evidence established that some of the notes were not counterfeit. Under these circumstances the instructions given by the court were entirely proper. *United States v. Johnson, supra.*

### V.

Grismore claims that when Exhibit "A", containing a large bulk of material which was in his briefcase, was introduced it did not contain two large white envelopes but that when the exhibit went to the jury it contained the two envelopes. Grismore contends that the prosecution added the envelopes after Exhibit "A" was admitted, thus constituting evidence tampering entitling him to a new trial. We observe that the presence of the two envelopes in Exhibit "A" supports Grismore's own testimony. He testified that he received two envelopes containing escrow agreements. [R., Vol. V, p. 410.] In his closing argument the prosecutor emphasized that the envelopes in question were the same as the envelopes containing the counterfeit money.

■ The defense attorney and Grismore had an opportunity to examine, itemize, and observe the entire contents of Exhibit "A"

when it was introduced. Grismore did not lodge objection at that time that the exhibit did not contain the two large white envelopes. In fact, there was no objection that the envelopes were originally missing until after the jury returned its verdict. The rule is that a party must make a timely and proper objection if he wishes to preserve alleged error for presentation on appeal. Absent such objection the alleged error will not be reviewed except when it is claimed to be plain error resulting in manifest injustice. Fed.Rules Cr.Proc., Rule 52(b), 18 U.S.C.A.; *United States v. DeLuzio,* 454 F.2d 711 (10th Cir. 1972), cert. denied, 407 U.S. 922, 92 S.Ct. 2467, 32 L.Ed.2d 808 (1972); *United States v. Sluder,* 457 F.2d 703 (10th Cir. 1972); *United States v. Nelson,* 448 F.2d 1304 (10th Cir. 1971); *United States v. Wheeler,* 444 F.2d 385 (10th Cir. 1971). No plain error affecting Grismore's substantial rights has been demonstrated here.

The trial court denied the motion for a new trial based on this alleged error, because it found that: (1) the alteration of the exhibit would not have changed the jury's verdict and (2) that the defendant's burden of proof to show that there was tampering of the evidence was not met.

A motion for a new trial is generally not regarded with favor and is granted only with great caution. *United States v. Steel,* 458 F.2d 1164 (10th Cir. 1972); *United States v. Gleeson,* 411 F.2d 1091 (10th Cir. 1969); *Casias v. United States,* 350 F.2d 317 (10th Cir. 1965). The grant of a motion for a new trial is addressed to the sound discretion of the trial court. Denial of the motion will not be reviewed absent a plain abuse of discretion. *United States v. Leyba,* 504 F.2d 441 (10th Cir. 1974), cert. denied, 420 U.S. 934, 95 S.Ct. 1139, 43 L.Ed.2d 408; *United States v. Perea, supra* [458 F.2d 535 (10th Cir. 1972)], *King v. United States,* 402 F.2d 289 (10th Cir. 1968). *United States v. Maestas,* 523 F.2d 316, 320 (10th Cir. 1975).

 If a defendant can show that suppression or tampering with evidence was

deliberately done by the prosecution, the court need then only consider if the evidence was material and determine whether it could in any reasonable likelihood have led to a different result on retrial. *United States v. Mele,* 462 F.2d 918 (2d Cir. 1972). The initial burden is, however, on the defendant to show that the evidence was tampered with. *United States v. Mele, supra.* The presumption is that an official has not tampered with the evidence. *Brewer v. United States,* 353 F.2d 260 (8th Cir. 1965); *Gallego v. United States,* 276 F.2d 914 (9th Cir. 1960). We hold that Grismore did not rebut the presumption that the prosecution did not tamper with the evidence and further that Grismore did not meet his burden of proof in showing that the evidence was in fact tampered with. The denial of Grismore's motion for new trial was proper.

## VI.

Grismore contends that he was denied his right to counsel under the Sixth Amendment to the Constitution of the United States because his counsel was incompetent.

Grismore's counsel admitted after trial that he did not understand nor was he prepared to make the argument that the Federal Reserve System was unconstitutional and that, accordingly, Grismore could not be guilty of forging an unconstitutional instrument. The court ordered during trial that defense counsel refrain from making such an argument to the jury.

In *United States v. Hines,* 470 F.2d 225, 232 (3rd Cir. 1972), cert. denied, 410 U.S. 968, 93 S.Ct. 1452, 35 L.Ed.2d 703 (1973), the court held that, " . . . Effective assistance does not demand that every possible motion be filed, but only those having solid foundation." On this basis, we hold that Grismore's counsel was not compelled to argue that the Federal Reserve System is unconstitutional.

 The test for incompetent counsel in this circuit is set forth in *Ellis v. State of Oklahoma,* 430 F.2d 1352 (10th Cir. 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546 (1971):

. . . that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. *Goforth v. United States,* 314 F.2d 868 (10th Cir. 1963).

430 F.2d, at 1356.

*Accord: Johnson v. United States,* 485 F.2d 240 (10th Cir. 1973); *Tolhurst v. United States,* 453 F.2d 432 (10th Cir. 1971); *United States v. Baca,* 451 F.2d 1112 (10th Cir. 1971), cert. denied, 405 U.S. 1072, 92 S.Ct. 1524, 31 L.Ed.2d 806 (1972); *United States v. Roche,* 443 F.2d 98 (10th Cir. 1971); *Bruner v. United States,* 432 F.2d 931 (10th Cir. 1970). Applying this test Grismore's trial counsel was not incompetent or ineffective.

We have reviewed the remaining contentions of errors presented. We hold that they are individually and collectively without merit.

WE AFFIRM.