**UNITED STATES COURT OF APPEALS**
**Filed 4/11/96**
**TENTH CIRCUIT**

USMAN SHEHU SULE,

       Plaintiff - Appellant,

    v.

B. H. STORY,

       Defendant - Appellee.

No. 95-1422

D. Colorado

(D.C. No. 95-S-731)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Usman Shehu Sule initiated an intended class action on behalf of himself and all present and future inmates confined at the United States Penitentiary - Administrative Maximum Facility ("A.D.X."), Florence, Colorado, by filing pro se a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] He alleged that the defendant, Bill R. Story, A.D.X. warden, violated his and other inmates' due process rights with an arbitrary transfer program. He also alleged various other personal grievances. The district court ruled on Sule's case, but refused to certify the class or address the claims of the other inmates of the desired class. After ordering submission of a Martinez report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and allowing Sule's response, the district court dismissed Sule's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d).

Sule raises only three issues on appeal.[2] He argues the district court erred when it (1) failed to grant class certification to the inmates on the issue of "[b]eing arbitrarily, capriciously and vindictively . . . held back from the pre-transfer program by the Appellee," Appellant's Br. at 7; (2) ruled sua sponte that prisoners have no constitutional

---

[1]The district court properly treated Sule's claim as an action commenced under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as the defendant is a federal official.

[2]All other causes of action that may be construed from the complaint have been waived because they were not pressed in the district court or this court. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (failure to object to magistrate judge's findings or recommendation waives challenge to those issues); Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir. 1984) (issues not raised on appeal deemed waived).

right to placement in a particular prison; and (3) failed to address "the constitutional issue" implicated by Appellee's arbitrary classification policies and practices. Id. at 9. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

A court may dismiss an in forma pauperis case "if satisfied that the action is frivolous." 28 U.S.C. § 1915(d); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "'[W]henever a plaintiff states an arguable claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect.'" Hall, 935 F.2d at 1109 (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)); see Abbott v. McCotter, 13 F.3d 1439, 1441 (10th Cir. 1994). Liberally construing pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we review a § 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## II.

Sule's first contention is that the district court erred in not certifying a class of similarly situated inmates. A prerequisite for class action certification is a finding by the court that the representative party can "fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant. See 7A Charles E. Wright, et al., Federal Practice and Procedure § 1769.1 n.12; see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (pro se prisoners are not adequate representatives for a class). And, although Sule, a pro se plaintiff, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; see, e.g., United States v. Grismore, 546 F.2d 844 (10th Cir. 1976); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); United States v. Taylor, 569 F.2d 448 (7th Cir.), cert. denied, 435 U.S. 952 (1978). Finally, Sule has failed to establish how the class certification denial impaired his ability to litigate his own claims, cf. Dellums v. Powell, 566 F.2d 167, 189 n.56 (D.C. Cir. 1977) ("[I]n the absence of a showing that [class] certification affected the 'substantial rights of the parties,' Rule 61, Fed.R.Civ.P., it is doubtful that reversal of certification on appeal would ever be appropriate."), cert. denied, 438 U.S. 916 (1978), and the district judge explicitly left open the opportunity for the other inmates to "present their own cases or . . . present them before the court by a licensed attorney." Order of Dismissal, R. Vol. I, Tab 25, at 2. Accordingly, the district court did not abuse its discretion in denying class certification.

Sule next alleges that the district court erred by ruling sua sponte that Sule "has no constitutional right to be incarcerated in any particular prison" or "to be given any

particular prison classification." Id. at 6. This argument fails on its face. The district court did not rule on this issue "sua sponte." Instead, it made the statement in the context of deciding Sule's main argument, considered below, that he and the other inmates have a liberty interest in being transferred to a particular prison classification and that this interest was violated due to the "arbitrary, capricious, and vindictive actions" of Story.

Sule's final contention is that the Bureau of Prison ("BOP") policy statement contains mandatory language, creating a liberty interest in the inmates' classification. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989). Sule concedes that he "knows he has no right to a [particular classification]; or placement in a particular prison." Mot. to Vacate J. Pursuant to Rules 59 and 60, Fed. R. Civ. P., R. Vol. I, Tab 26, at 2; see Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983); Montanye v. Haymes, 427 U.S. 236 (1976); see also Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir. 1987) (reclassification of plaintiff into administrative segregation does not involve deprivation of liberty interest protected by Due Process Clause). Nonetheless, he argues the "mandatory" language of the BOP policy creates a liberty interest in his timely reclassification. Sule's complaint contends, without reference to the language relied upon, that "[a]fter 12 months of clear conduct, inmates are moved to the intermediate pretransfer program." Compl., R. Vol. I, Tab 3, at 5. He alleges that he therefore had a liberty interest in being transferred in December, 1994, when he completed twelve months of clear conduct. Even under Sule's interpretation,

however, he fails to advance an arguable legal claim. The intermediate pre-transfer unit was not even functional until April 30, 1995, Martinez Report, R. Vol. I, Tab 13, at 7, and Sule's record of clear conduct was interrupted on March 3, 1995, when he received an incident report.[3] Sule was therefore ineligible to be transferred to the intermediate unit at the time of its opening.

Assuming arguendo that Sule successfully completed twelve months of clear conduct, we turn briefly to his contention that the BOP policy statement's language creates a liberty interest. Protected liberty interests can be created when substantive limitations are placed on official discretion. Olim, 461 U.S. at 249. "These limitations must be 'explicitly mandatory' and must create 'substantive predicates' that guide discretion," Kennon v. Hill, 44 F.3d 904, 907 n.1 (10th Cir.) (quoting Thompson, 490 U.S. at 460-63), cert. denied, 115 S. Ct. 2586 (1995), because the internal supervision of correctional institutions lies with the prison administrators and is ordinarily not subject to judicial review. See Hewitt, 459 U.S. at 469-70. The district court examined the Martinez report and concluded that because many factors are considered when making transfer decisions and discretion is explicitly left to the decision makers, the BOP policies do not contain the "mandatory" language required to give Sule a liberty interest in his

---

[3]Sule received an incident report for violation of Code 408, Conducting a Business. Sule argued below, unsuccessfully, that because 28 C.F.R. § 541.12 gives a prisoner the right to support his family, Code 408 is unconstitutional. We need not consider that issue as it was not raised on appeal. Bledsoe, 742 F.2d at 1244.

prison classification.[4]  See R. Vol. I, Tab 13, at 5-8; Order of Dismissal, R. Vol. I, Tab 25, at 5-6.  The district court also found that Sule had not alleged compliance with any of the other factors considered in the decisions to transfer inmates.  See Order of Dismissal, R. Vol. I, Tab 25, at 5-6.

Accordingly, because Sule's allegations fail to raise an arguable legal claim against Warden Story, they were properly dismissed as frivolous under § 1915(d).[5]  We

---

[4]Program Statement 5100.5, Security Designation and Custody Classification Manual, establishes specific guidelines to aid staff in using their professional judgment for assigning custody classifications.  Martinez Report, R. Vol. I, Tab 13, at 5-6; id. Attach. 6.  Institution Supplement 5321.1A, General Population and Step-Down Unit Operations, establishes that "[a]n inmate may complete the ADX program - General Population through Pre-Transfer Units and transfer to a less secure institution - within 36 months.  This time frame is contingent on clear conduct, program participation, and institutional adjustment. . . .  Ordinarily, an inmate must have a minimum of twelve months clear conduct and actively participate in programs as required by BOP policy to be considered for participation in the Intermediate Unit."  Martinez Report, supra, at 6-7 (emphasis added); id. Attach. 8.

[5]In the past 14 months Sule has filed five appeals and two petitions for special writ in this court.  In all instances relief has been denied either by affirmance of an adverse judgment in the district court, or the appeal was dismissed.  These matters are identified as follows:

95-6048, *Sule v. Kindt* -- opened 2/3/95, closed 5/25/95 (dismissed on motion of appellant).

95-532, *Sule v. Daniel* -- writ of mandamus, opened 11/13/95, district court entered an order on habeas petition on 1/10/96, petition for writ of mandamus denied as moot 1/18/96.

(continued...)

therefore AFFIRM the district court's dismissal of Sule's complaint. The mandate shall

issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[5](...continued)
95-1195, *Sule v. Story* -- opened 5/18/95, closed 11/27/95 (affirmed, petition for rehearing filed 12/4/95 and granted 12/14/95, case reterminated on 12/14/95).

95-1250, *Sule v. Orenstein* -- opened 6/16/95, closed 8/16/95 (dismissed on motion of appellant).

95-1422, *Sule v. Story* -- opened 10/12/95 (this appeal).

95-1494, *Sule v. Story* -- opened 11/29/95, closed 4/5/96 (affirmed).

96-505, *Sule v. Daniel* -- writ of mandamus, opened 3/13/96, closed 4/9/96 (mandamus denied, ifp granted).

These filings indicate an abuse of the privilege of proceeding without payment of costs or fees. We direct the clerk of the court to commence monitoring Sule's filings, and he is placed on notice that any further frivolous filings will subject him to sanctions, including a withdrawal of the right to proceed without payment of costs and fees, without first satisfying screening conditions imposed by the court.