893 F.2d 1404
 282 U.S.App.D.C. 255
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Lynn FREDRIKSSON, Appellant.
 No. 88-3052.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Eleven defendants appeal from their convictions for demonstrating on the White House sidewalk without a permit in violation of 36 C.F.R. Sec. 7.96(g)(2) and (6) (1989). The defendants-appellants claim that the District Court's determination not to let them testify on their own behalf violated rights guaranteed by the Fifth and Sixth Amendments of the Constitution and constituted an abuse of discretion. The appellants also contend that the District Court abused its discretion in allotting a total of sixty minutes for closing argument for all eleven co-defendants. Finally, four appellants argue that 36 C.F.R. Sec. 7.96(g)(6) is unconstitutionally vague. We find no such legal infirmities; we therefore affirm the convictions.
 
 
 5
 The District Court's decision not to hear testimony from the defendants must be upheld because the defendants did not raise their objection in a timely manner. The right of a defendant to testify on her or his own behalf is not without limitation. See Rock v. Arkansas, 483 U.S. 44, 55-56 (1987). "The right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' But restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." Rock v. Arkansas, 483 U.S. at 55-56 (footnote and citation omitted) (quoting Chambers v. Mississippi, 410 U.S. 284, 295 (1973)).
 
 
 6
 Here, the District Court's decision to limit testimony to the evidence-taking stage of trial did not result in any legal error. "Once the evidence has been closed, whether to reopen for submission of additional testimony is a matter left to the trial court's discretion." United States v. Jones, 880 F.2d 55, 59 (8th Cir.1989); see also, United States v. Blankenship, 775 F.2d 735, 740 (6th Cir.1985); United States v. Thetford, 676 F.2d 170, 182 (5th Cir.1982), cert. denied, 459 U.S. 1148 (1983). And, in exercising this discretion, timeliness is one factor the trial court must consider in deciding whether to reopen the evidence to permit a defendant to testify. See, e.g., United States v. Walker, 772 F.2d 1172, 1177 (5th Cir.1985); United States v. Larson, 596 F.2d 759, 778 (8th Cir.1979). In this case, the defendants did not indicate their desire to testify at the close of the evidentiary portion of the trial on October 16, 1987. See Trial Tr. at 218-223, reprinted in Joint Appendix of Appellants ("J.A.") 218-223. Even if, as counsel contended at oral argument, the defendants were foreclosed on October 16 from indicating their desire to testify, they did not make this interest known to the trial court until a week later, at the time designated for closing arguments. Defendants offer no explanation for their failure to file a motion before the date of closing argument to request that they be allowed to testify. In light of this failure, we conclude that the District Court's decision to exclude the testimony did not constitute an abuse of discretion. See Walker, 772 F.2d at 1177-78 (finding delay insignificant where defense moved to reopen case at commencement of next business day); Larson, 596 F.2d at 778-79 (same).
 
 
 7
 Nor is application of the rule requiring the timely proffer of testimony disproportionate to the purpose it is designed to serve. "Without reasonable rules regulating the presentation of evidence and arguments, courts could not effectively function." Jones, 880 F.2d at 60. We thus find no constitutional infirmity in the District Court's decision not to reopen the evidence to allow the defendants to testify. We agree with the appellants that a defendant may choose to remain silent at one point in a trial and later in a trial decide to take the stand. See Brooks v. Tennessee, 406 U.S. 605, 609-13 (1972). But the decision to testify must be timely.
 
 
 8
 We also find no error in the District Court's allotment of one hour for the appellants' closing argument. "The trial court has broad discretion in controlling the scope of closing argument." United States v. DeLoach, 504 F.2d 185, 189 (D.C.Cir.1974); see also Defenders of Wildlife, Inc. v. Endangered Species Scientific Auth., 659 F.2d 168, 182 (D.C.Cir.), cert. denied, 454 U.S. 963 (1981). Upon reviewing the record, it cannot be said that the restriction to one hour constituted an abuse of discretion. Cf. United States v. Gleeson, 411 F.2d 1091, 1096 (10th Cir.1969) (finding no abuse of discretion where, following a four-day trial, court allotted two defendants one hour jointly for closing argument); United States v. Carter, 760 F.2d 1568, 1581-82 (11th Cir.1985) (finding no abuse of discretion where judge did not award additional time to last defendant whose time had been eroded by co-defendants' closing arguments).
 
 
 9
 Finally, the appellants' First Amendment claim, based on the "vagueness" of the regulation, was not raised below and may not be raised for the first time on appeal. While the appellants did raise a First Amendment issue below, it was premised on a different ground. It is well settled that appellants may not raise a new legal theory on appeal for the first time. See, e.g., District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084 (D.C.Cir.1984).
 
 The appellants' convictions are therefore
 
 10
 Affirmed.