**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cecil Leon RAMSEY, Defendant-Appellant.**

**No. 84-1544.**

United States Court of Appeals, Tenth Circuit.

May 7, 1985.

Ed Edmondson (Thomas H. Alford with him on briefs) of Edmondson, Alford & Edmondson, Muskogee, Okl., for defendant-appellant.

Donn F. Baker, Asst. U.S. Atty. (Gary L. Richardson, U.S. Atty., with him on brief), E.D. Okl., Muskogee, Okl., for plaintiff-appellee.

Before HOLLOWAY and McKAY, Circuit Judges, and KANE, District Judge.*

McKAY, Circuit Judge.

We are called upon in this case to decide the proper weight to be given to a recanted recantation. The defendant was tried and convicted of hiring one Jackson to burn down a store. The linchpin of the government's case against the defendant was Mr. Jackson's trial testimony that the defendant paid him to burn the store down. Prior to the trial Mr. Jackson had told the defendant's son that the defendant did not have anything to do with the fire. At trial Mr. Jackson was cross-examined on this issue by defendant's counsel and testified that his statement to defendant's son had been false. The jury returned a verdict convicting the defendant. After the trial Mr. Jackson told his common-law wife and her brother, who worked for the defendant, that the defendant was innocent. In addition Mr. Jackson signed an affidavit stating that the defendant was innocent and that his trial testimony was false.

Pursuant to this court's mandate in *United States v. Ramsey,* 726 F.2d 601 (10th Cir.1984), the district court held a hearing to determine whether the affidavit constituted newly discovered evidence requiring a new trial.** At that hearing Mr. Jackson admitted signing the affidavit but testified that the statements in the affidavit were false and that his statements during the trial had been true. When asked why he had signed the affidavit, Mr. Jackson testified that he was scared of what the defendant would do to him if he failed to do so. The district court determined that the recanted recantation was false. Since the issue of Mr. Jackson's vacillation had been before the jury in the trial, his recanted recantation was not new evidence and in any event did not justify a new trial.

This case is riddled with recantations and reassertions. On the cold record it is entirely impossible for this court to determine which story is the true version. The district court judge, who took the evidence and personally observed the witness as he testified, was in a much better position than this court to determine whether, even after noting Mr. Jackson's frequent about-faces, his testimony was nonetheless sufficiently credible to support a jury verdict. The district court's determination that there was no valid recantation but merely another flip-flop by the witness adequately justifies a finding that there was no newly discovered evidence justifying a new trial. While such a precarious and vacillating witness is an unstable stand on which to base a conviction, we cannot say that the record justifies overturning the trial court's decision on petition for a new trial.

The other issues presented in appellant's brief have previously been disposed of by this court in *United States v. Ramsey,* 726 F.2d 601 (10th Cir.1984), and will not be

* Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation.

** The newly discovered evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce an acquittal;

and a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at trial. *Ramsey,* 726 F.2d at 604 (quoting *United States v. Allen,* 554 F.2d 398, 403 (10th Cir.) *cert. denied,* 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977).

reexamined here. The judgment of the district court is in all points affirmed.