946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tomas S. WHITING, Petitioner-Appellant,
v.
Robert J. TANSY, Respondent-Appellee.
 No. 90-2161.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App. P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Tomas S. Whiting was convicted in a New Mexico state court of armed robbery of a gas service station. His conviction was affirmed on appeal. Five months after being sentenced he filed a motion for a new trial based on newly discovered evidence. The state court held a hearing, took evidence, and entertained legal arguments on the motion before denying it. The New Mexico Court of Appeals affirmed and the Supreme Court of New Mexico, after granting a petition for a writ of certiorari, quashed the writ as having been improvidently granted. Thereafter, petitioner commenced the instant suit in federal court, raising various issues. The district court dismissed his petition with prejudice.
 
 
 3
 The only issue petitioner pursues in his appeal is whether he was denied his constitutional rights by the failure of the state court, and the federal district court, to order a new trial on his contention and showing of newly discovered evidence.
 
 
 4
 The evidence petitioner presented is that a distant cousin of petitioner, himself a state court prisoner, came forward and was apparently ready to confess in court that he had committed the robbery. That witness, Walter Michelback, was afforded counsel and advised by counsel that his statements in court could be used against him, and was advised of the imprisonment term he could get for the offense. When confronted with this information the witness exercised his Fifth Amendment privilege and declined to testify. Petitioner argues that because Michelback would be considered unavailable as a witness, see N.M.R.Evid. 11-804(A)(1); McGuinness v. State, 589 P.2d 1032, 1035 (N.M.1979), his statements tending to expose him to criminal liability, which would exculpate petitioner, are admissible as evidence because corroborating circumstances indicate the trustworthiness of the statements. See N.M.R.Evid. 11-804(B)(4). Petitioner also offered evidence that a fingerprint of Michelback was found on the service station door, while no print of petitioner was found at the station. There is an additional prior statement by Michelback that he had witnessed the robbery, and while he could not identify the robber, it was not petitioner.
 
 
 5
 We agree with the district court that this is not sufficient to find that petitioner was denied due process when the state court refused to grant him a new trial.
 
 
 6
 The statement of another that a convicted defendant is innocent does not establish the convicted defendant's innocence. See United States v. Ramsey, 761 F.2d 603 (10th Cir.1985), cert. denied, 474 U.S. 1082 (1986). Even the in-court confession of one person is not necessarily sufficient to overturn another's conviction for the crime. See, e.g., United States v. Steel, 458 F.2d 1164, 1166-67 (10th Cir.1972). The court has to determine the reliability of the confession. Here there were inherently contradictory aspects. Michelback's apparent willingness to confess was inconsistent with his prior statement that he had viewed someone else committing the robbery. There was evidence that Michelback often went to the service station and had been in the station on the day of the robbery, which would explain the existence of his fingerprint on the door of the service station. Michelback, already a prisoner, might have thought initially he could confess without additional penalty to himself. He also was a relative and friend of petitioner. Furthermore, petitioner was convicted on eyewitness testimony of the victim of the robbery.
 
 
 7
 The state court's refusal of a new trial in the circumstances of this case does not rise to the level of constitutional error necessary to reverse its determination, which was arrived at after an evidentiary hearing. See Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3